■ The People of the State of New York, Respondent, v Kami Hodge, Also Known as James Smith, Appellant. [772 NYS2d 748]—

Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered August 14, 2000, convicting defendant upon his plea of guilty of the crime of attempted murder in the first degree.

Defendant pleaded guilty to attempted murder in the first degree in satisfaction of a 13-count indictment arising from an incident in which he fired two gun shots at a police officer in the City of Schenectady, Schenectady County. One shot was stopped by the officer's bulletproof vest and the other lodged in the radio attached to his belt. Defendant successfully fled the scene, but was later apprehended during a drug search of a house pursuant to a search warrant. Defendant volunteered information about the shooting, contending it was carried out by another individual. When that individual had an alibi, police again questioned defendant. Defendant admitted his involvement in the shooting, signed a written statement and took investigators to the scene where he showed them the discarded gun he had used. As part of his subsequent plea, he waived his right to appeal. Consistent with the terms of the plea, he was

sentenced to a term of incarceration of 20 years to life. Defendant appeals.

Defendant contends that his plea was not voluntary. Review of the record demonstrates that County Court engaged in a thorough plea colloquy with defendant, during which he acknowledged that he understood the rights he was giving up, he had not been coerced, he was not under the influence of medication or alcohol and his mind was clear, he had ample opportunity to discuss the ramifications of his plea with counsel and he did, in fact, commit the crime of attempted murder as charged. Our review of the record reveals that defendant's plea was knowing, voluntary and intelligent (*see People v Sampson*, 301 AD2d 677, 677 [2003]; *People v Fulford*, 296 AD2d 661, 662 [2002]).

Defendant's assertion that his arrest arose from an unlawful search and seizure does not survive his knowing and intelligent waiver of the right to appeal made as part of his negotiated plea (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Hemingway*, 306 AD2d 689, 690 [2003]; *People v Castano*, 302 AD2d 686, 687 [2003]). Similarly, his challenge to the sentence, which was imposed exactly as agreed in the plea, does not survive his waiver of appeal (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]; *People v Kalenak*, 2 AD3d 902, 903 [2003]; *People v Bier*, 307 AD2d 649, 651 [2003], *lv denied* 100 NY2d 618 [2003]). Nor do we find any reason based upon this record to consider these issues in the interest of justice.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.