■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD J. AITKEN, Appellant. [955 NYS2d 534]—

Egan Jr., J.

We affirm. Defendant does not dispute that he validly waived his right to appeal, and our review of the record reveals that the underlying waiver encompassed both defendant's conviction and sentence. The record further reflects that "defendant was aware of his sentencing exposure and that no specific sentencing commitment had been made" (*People v Budwick*, 82 AD3d 1447, 1448 [2011], *lv denied* 17 NY3d 857 [2011]). Accordingly, defendant's present challenge to the severity of his sentence is precluded by his valid appeal waiver (*see id.* at 1448; *People v Sofia*, 62 AD3d 1159, 1160 [2009]; *compare People v Tesar*, 65 AD3d 716, 717 [2009]), and we decline defendant's invitation to modify the sentence imposed as a matter of discretion in the interest of justice.

As for defendant's ineffective assistance of counsel claim, even assuming such claim impacts upon the voluntariness of his plea and, hence, survives his waiver of appeal, there is no indication on this record that defendant moved to withdraw his plea or vacate the judgment of conviction. Accordingly, this issue is unpreserved for our review (*see People v Flake*, 95 AD3d 1371, 1372 [2012], *lv denied* 19 NY3d 973 [2012]; *People v Ildefonso*, 89 AD3d 1327, 1327 [2011]). In any event, the record reflects that counsel obtained a favorable plea agreement for defendant and that defendant, in turn, indicated that he had been afforded sufficient time to confer with counsel and was satisfied with his services (*see People v Flake*, 95 AD3d at 1372; *People v Shurock*, 83 AD3d 1342, 1344 [2011]). Thus, were we to reach this issue, we would conclude that defendant received meaningful representation.

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.