— Lahtinen, J.
Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered October 7, 2010, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree.
*1368 Defendant pleaded guilty to criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree and waived his right to appeal. Pursuant to the plea agreement, he was sentenced as a second felony offender to an aggregate prison term of nine years, to be followed by five years of postrelease supervision. He now appeals.
We affirm. The record contains no indication that defendant moved to withdraw his plea or to vacate the judgment of conviction and, accordingly, his contention that his plea was coerced is unpreserved for our review (see People v Morelli, 46 AD3d 1215, 1216 [2007], lv denied 10 NY3d 814 [2008]; People v Lambe, 282 AD2d 776, 777 [2001]). County Court did not, in any event, engage in coercive conduct by advising defendant of the evidence against him, the uncertainty inherent in proceeding to trial, and his sentencing exposure under the indictment (see id.).
To the extent that defendant’s further claim that he received the ineffective assistance of counsel implicates the voluntary nature of his guilty plea and survives his valid appeal waiver, it is similarly unpreserved absent any indication that he made an appropriate postallocution motion (see People v Walton, 101 AD3d 1489, 1490 [2012], lv denied 20 NY3d 1105 [2013]; People v Aitken, 101 AD3d 1383, 1384 [2012]). We would, regardless, determine from the record before us that defendant received meaningful representation.
Rose, J.E, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.