### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 30, 2014                105759
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

JOHN BORST,
                    Appellant.
_____

Calendar Date:  September 16, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Devine, JJ.

_____

        Mitch Kessler, Cohoes, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Gerald A. Dwyer of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered February 21, 2013, convicting defendant upon his plea of guilty of the crimes of rape in the first degree and criminal sexual act in the first degree.

        Defendant was charged in a six-count indictment with various offenses stemming from allegations that he sexually abused two children.  He pleaded guilty to rape in the first degree and criminal sexual act in the first degree in satisfaction of the indictment and waived his right to appeal the judgment of conviction and sentence.  County Court agreed to impose an aggregate prison sentence of 10 years, but made no commitment regarding the duration of postrelease supervision.  Defendant subsequently moved to withdraw his guilty plea, which County Court denied.  County Court thereafter imposed an aggregate prison sentence of 10 years to be followed by 15 years

of postrelease supervision.   Defendant now appeals.

        We affirm.   Contrary to defendant's initial contention, his waiver of the right to appeal was knowing, intelligent and voluntary.   Defendant executed a detailed written waiver in which he acknowledged that he had a right to appeal from his conviction and sentence but that, as a term of the plea agreement, he would be relinquishing that right.   The written waiver and plea colloquy further establish that the parameters of defendant's right to appeal had been explained to him, that he had been counseled regarding the implications of the appeal waiver and that he was knowingly and voluntarily waiving his right to appeal.   Thus, defendant's valid waiver precludes his argument that the sentence imposed was harsh and excessive (see People v Brown, 115 AD3d 1115, 1115 [2014], lv denied ___ NY3d ___ [Sept. 8, 2014]; People v Fallen, 106 AD3d 1118, 1119 [2013], lv denied 22 NY3d 1156 [2014]).

        Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Devine, JJ., concur.


        ORDERED that the judgment is affirmed.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court