◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE MONROE, Appellant. [999 NYS2d 771]—

McCarthy, J.P. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered August 15, 2012, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

In full satisfaction of a three-count indictment, defendant pleaded guilty to a single count of criminal sale of a controlled substance in the third degree and waived her right to appeal. County Court indicated that it would consider whether to order substance abuse treatment after reviewing the presentence investigation report, but did not promise that treatment would be ordered. Thereafter, the court sentenced defendant, a second felony offender, to a prison term of four years to be followed by three years of postrelease supervision. The court declined defendant's request to order substance abuse treatment, noting that defendant had failed in several prior treatment programs. Defendant appeals.

Defendant's valid waiver of the right to appeal, which she does not challenge, bars her claims that her sentence was harsh and excessive, and that County Court should have directed further substance abuse treatment (*see People v Borst*, 121 AD3d 1424, 1425 [2014]; *People v Smith*, 112 AD3d 1232, 1232 [2013],

*lv denied* 22 NY3d 1203 [2014]). Similarly, that waiver bars her claim of ineffective assistance of counsel inasmuch as she does not contend that the alleged ineffective assistance impacted the voluntariness of her plea (*see People v Livziey*, 117 AD3d 1341, 1342 [2014]; *People v Slingerland*, 101 AD3d 1265, 1267 [2012], *lv denied* 20 NY3d 1104 [2013]).

Lynch, Devine and Clark, JJ., concur. Ordered that the judgment is affirmed.