*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    105659
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

TYRONE D. COOPER,
                        Appellant.
_____


Calendar Date:  January 14, 2015

Before:  Peters, P.J., McCarthy, Garry and Rose, JJ.

                    _____


        John P.M. Wappett, Public Defender, Lake George (Nellie R. Halloran of counsel), for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee B. Davenport of counsel), for respondent.

                    _____


Garry, J.

        Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 10, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

        Defendant was arrested and charged with crimes after police discovered cocaine on his person.  In full satisfaction of these charges, he pleaded guilty to criminal possession of a controlled substance in the fourth degree.  As part of the plea agreement, he waived his right to appeal.  Defendant was thereafter sentenced to the agreed-upon prison term of two years followed by two years of postrelease supervision, together with an order directing his enrollment in a shock incarceration program.

Defendant appeals.

First, defendant contends that the evidence against him should have been suppressed as the fruit of an illegal search. However, such contention does not survive a knowing and intelligent waiver of the right to appeal (see People v Santalucia, 19 AD3d 806, 807 [2005], lv denied 5 NY3d 856 [2005]; People v Hodge, 4 AD3d 676, 677 [2004], lvs denied 2 NY3d 800, 807 [2004]).  Defendant does not claim that his waiver was invalid, and the record reveals that County Court explained the nature and consequences of the waiver in detail, distinguished this aspect of defendant's plea agreement from the other rights forfeited by his guilty plea, and ascertained that defendant understood these explanations (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Smith, 121 AD3d 1131, 1131-1132 [2014], lv denied ___ NY3d ___ [Jan. 13, 2015]).  Accordingly, the waiver of the right to appeal was valid, and defendant's challenge to the legality of his arrest is foreclosed (see People v Hodge, 4 AD3d at 677).

Defendant also contends that he was deprived of the effective assistance of counsel by his attorney's failure to request a suppression hearing.  To the extent that this claim implicates the voluntariness of his plea and thus survives his waiver of the right to appeal (see People v Wicks, 83 AD3d 1223, 1225 [2011], lv denied 17 NY3d 810 [2011]), it is nevertheless unpreserved for appellate review, as the record does not reveal that defendant made an appropriate postallocution motion (see People v Smith, 123 AD3d 1375, 1376 [2014]; People v White, 122 AD3d 1005, 1006 [2014]; People v Moses, 110 AD3d 1118, 1118-1119 [2013]).  In any event, the failure to request a suppression hearing, standing alone, does not establish that defense counsel provided ineffective assistance (see People v Gentry, 73 AD3d 1383, 1384 [2010]; People v Jackson, 67 AD3d 1067, 1068 [2009], lv denied 14 NY3d 801 [2010]).  Here, nothing else in the record casts doubt on the effectiveness of defense counsel, who, among other things, secured an advantageous plea bargain for defendant. Defendant affirmed during the plea colloquy that he was satisfied with his counsel's representation, and if the issue had been preserved, we would have concluded that he received meaningful representation (see People v Aitken, 101 AD3d 1383, 1384 [2012],

lv denied 21 NY3d 1040 [2013]; People v Flake, 95 AD3d 1371, 1372 [2012], lvs denied 19 NY3d 973, 974 [2012]; People v Gentry, 73 AD3d at 1384).

      Peters, P.J., McCarthy and Rose, JJ., concur.


      ORDERED that the judgment is affirmed.




      ENTER:

Robert D. Mayberger
Clerk of the Court