## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   March 26, 2015                    105323
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                          MEMORANDUM AND ORDER

LASHON TURNER, Also Known as
    SHOTGUN, Also Known as
    SHOCK,
                        Appellant.
_____

Calendar Date:   February 19, 2015

Before:   Peters, P.J., McCarthy, Rose and Clark, JJ.

_____

        Erin C. Morigerato, Albany, for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Nikki Kowalski of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered August 8, 2012 in Albany County, convicting defendant
upon his plea of the crime of attempted criminal possession of a
controlled substance in the third degree.

        Defendant was charged in a sealed indictment with one count
each of attempted criminal possession of a controlled substance
in the third degree and conspiracy in the second degree after
allegedly acting in concert with numerous codefendants as part of
a large-scale cocaine distribution network.  During trial, he
pleaded guilty to attempted criminal possession of a controlled
substance in the third degree in full satisfaction of the charges

against him, and waived his right to appeal.  Supreme Court thereafter sentenced him, as a second felony offender, to 4½ years in prison to be followed by three years of postrelease supervision.  Defendant appeals.

We affirm.  Initially, we reject defendant's challenge to the validity of his waiver of the right to appeal.  Supreme Court adequately explained the nature of the right and distinguished it from those rights that are automatically forfeited upon a plea of guilty.  Moreover, defendant signed a written waiver in open court after conferring with counsel that further clarified the scope of the right, and the court confirmed that he understood the waiver.  Under these circumstances, we conclude that defendant knowingly, intelligently and voluntarily waived his right to appeal his conviction and sentence, thereby precluding his challenge to the severity of his sentence (see People v Bradshaw, 18 NY3d 257, 264-267 [2011]; People v Van Clief, 122 AD3d 1062, 1062-1063 [2014], lv denied ___ NY3d ___ [Feb. 18, 2015]).

Turning to the remaining argument, defendant's assertion that he received ineffective assistance of counsel impacts the voluntariness of his plea and, therefore, survives his waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]).  Nevertheless, his assertion is unpreserved due to his failure to raise his challenge in the appropriate postallocution motion (see People v Guyette, 121 AD3d 1430, 1432 [2014]).  In any event, defendant's claim that counsel was ineffective for failing to object to the indictment as jurisdictionally defective must fail inasmuch as counsel had no duty to make a patently meritless motion (see People v Caban, 5 NY3d 143, 152 [2005]; People v Nguyen, 90 AD3d 1330, 1332-1333 [2011], lv denied 18 NY3d 960 [2012]).

Peters, P.J., McCarthy and Clark, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court