■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD BROWN JR., Appellant. [9 NYS3d 735]—

Garry, J. Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered August 23, 2012, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was charged in an indictment with a number of crimes after he struck a police officer who responded to a noise complaint at a residence that he was visiting. He retained a private attorney to represent him in the matter. Early in the proceeding, County Court (LaBuda, J.) removed this attorney for alleged incompetence and directed that an attorney from Legal Aid continue defendant's representation. At the court appearance following such removal, County Court recused itself from presiding over the rest of the proceeding. The case was reassigned to a new judge (McGuire, J.) and defendant was briefly represented by an attorney from Legal Aid. Defendant expressed his desire to have his private attorney represent him and that attorney was reinstated for the remainder of the proceeding. Defendant ultimately pleaded guilty to assault in the second degree in full satisfaction of the indictment and waived his right to appeal, both orally and in writing.* In accordance with the plea agreement, he was sentenced as a second felony offender to three years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant's sole contention is that his counsel was ineffective, which deprived him of meaningful representation under both federal and state law (see generally *Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137 [1981]). Significantly, defendant does not assert that his counsel's alleged ineffectiveness impacted the voluntariness of his guilty

---

* During the plea colloquy, defendant expressed his satisfaction with his attorney's representation.

plea. Consequently, his claim is barred by his valid waiver of the right to appeal (*see People v Monroe*, 125 AD3d 1048, 1049 [2015], *lv denied* 25 NY3d 991 [Apr. 2, 2015]; *People v Lamont*, 125 AD3d 1106, 1106 [2015]). Even if we were to construe some of counsel's alleged deficiencies as impacting the voluntariness of defendant's plea, his argument has not been preserved for our review given the absence of any indication in the record that defendant made an appropriate postallocution motion (*see People v Turner*, 126 AD3d 1228, 1229 [2015]; *People v Cooper*, 126 AD3d 1046, 1047 [2015]). Therefore, we decline to disturb the judgment of conviction.

Lahtinen, J.P., McCarthy and Rose, JJ., concur. Ordered that the judgment is affirmed.