## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: November 19, 2015                    106411
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                      MEMORANDUM AND ORDER

NICKLES RUCKER,
                    Appellant.
_____

Calendar Date:   October 21, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

_____

        John P.M. Wappett, Public Defender, Lake George, for
appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Warren County
(Hall Jr., J.), rendered January 2, 2013, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the third degree.

        In satisfaction of a two-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
third degree and waived his right to appeal.  Defendant
thereafter was sentenced as a second felony offender, in
accordance with the plea agreement, to a prison term of eight
years followed by three years of postrelease supervision, to be
served concurrently with a sentence that had been imposed upon
similar charges in Washington County.  Defendant now appeals.

        Defendant claims that defense counsel was ineffective
because counsel failed to either request that defendant be
sentenced nunc pro tunc to the date that the Washington County
sentence was imposed or otherwise ensure that the conditional
release dates of the concurrent sentences would be the same.
Even assuming this issue impacts the voluntariness of defendant's
plea and, hence, survives the unchallenged waiver of the right to
appeal, this issue is unpreserved for our review in the absence
of an appropriate postallocution motion (see People v Brown, 128
AD3d 1273, 1274 [2015]).  To the extent that defendant's
contention amounts to a misunderstanding on his part at the time
of sentencing that the conditional release dates for both
sentences would be the same, this issue involves matters outside
the record and, as such, is more properly addressed by motion
pursuant to CPL article 440 (see People v Seminara, 53 AD2d 678,
678 [1976]).

        Lahtinen, J.P., Lynch and Devine, JJ., concur.


        ORDERED that the judgment is affirmed.




                    ENTER:



                    Robert D. Mayberger
                    Clerk of the Court