*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 10, 2015          105984
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

          v                              MEMORANDUM AND ORDER

KEVAN G. THERRIEN,
                    Appellant.
_____


Calendar Date:  October 21, 2015

Before:  Lahtinen, J.P., Egan Jr., Lynch and Devine, JJ.

                    _____


          Susan Patnode, Rural Law Center of New York, Albany
(Cynthia Feathers of counsel), for appellant.

          Mary E. Rain, District Attorney, Canton (Abigail R. Hind of
counsel), for respondent.

                    _____


Lahtinen, J.P.

          Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered April 18, 2013, convicting
defendant upon his plea of guilty of the crime of burglary in the
second degree.

          Defendant waived indictment and agreed to be prosecuted by
a superior court information charging him with burglary in the
second degree.  The plea agreement provided that he would be
sentenced to no more than eight years in prison with five years
of postrelease supervision and required an appeal waiver.  He
pleaded guilty to that charge and was sentenced, as an admitted
second felony offender, to a prison term of six years with five
years of postrelease supervision.  Defendant now appeals.

Defendant's sole argument on appeal is that the sentence is harsh and excessive. During the plea colloquy, defendant confirmed that he was satisfied with his attorney, acknowledged that his waiver of appeal was separate and distinct from the panoply of rights he automatically forfeited by his plea of guilty, acknowledged that he was prepared to sign a written waiver of appeal and signed the written waiver of appeal in open court before his attorney. Defendant was 59 years old at the time of his plea and had a 40-year history with the criminal justice system, including seven felony and multiple misdemeanor convictions. On this record, we find that defendant's waiver of his right to appeal was knowing and intelligent and precludes his challenge to his sentence (see People v Sanders, 25 NY3d 337, 341 [2015]). In any event, as County Court took into consideration defendant's serious health problems, among other factors, and exhibited a measure of leniency in imposing a sentence below that permitted by the agreement, and given defendant's extensive criminal history and the seriousness of his conduct in this home invasion, we would find, if this issue were properly before us, no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Ganoe, 122 AD3d 1003, 1004 [2014], lv denied 25 NY3d 1163 [2015]).

Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court