### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 17, 2016                    106878
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KEON BEVERLY,
                        Appellant.
_____

Calendar Date:   February 18, 2016

Before:   Peters, P.J., Garry, Rose and Devine, JJ.

_____

Aaron A. Louridas, Delmar, for appellant.

Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

Rose, J.

Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered January 13, 2011, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and perjury in the first degree.

In satisfaction of a 12-count indictment, defendant pleaded guilty to assault in the second degree and perjury in the first degree.  He also waived his right to appeal, both orally and in writing.  In accordance with the terms of the plea agreement, defendant was sentenced as a second felony offender to four years in prison to be followed by five years of postrelease supervision on the assault conviction, and 3 to 6 years in prison on the perjury conviction, said sentences to run consecutively.  Defendant now appeals.

Defendant's primary contention is that he was denied the effective assistance of counsel and that this rendered his guilty plea involuntary. Although this type of claim is not foreclosed by a valid waiver of the right to appeal, it has not been preserved for our review as there is no indication in the record that defendant made an appropriate postallocution motion (see People v Broomfield, 128 AD3d 1271, 1271-1272 [2015], lv denied 26 NY3d 1086 [2015]; People v Brown, 128 AD3d 1273, 1274 [2015]). Defendant next challenges the severity of the sentence – a challenge that is precluded by a valid waiver of the right to appeal. However, we find that the waiver here was invalid inasmuch as it does not appear that defendant was advised that the right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Pope, 129 AD3d 1389, 13989-1390 [2015]; People v Burgette, 118 AD3d 1034, 1035 [2014], lv denied 24 NY3d 1118 [2015]). Turning to the merits, we note that defendant has a lengthy criminal record and agreed to the sentence as part of a favorable plea agreement that exposed him to less time in prison than if he was convicted after trial. Accordingly, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Miller, 66 AD3d 1242, 1243-1244 [2009], lv denied 14 NY3d 772 [2010]; People v Humphrey, 13 AD3d 815, 816 [2004], lv denied 4 NY3d 799 [2005]).

Peters, P.J., Garry and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court