*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                    106847
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

DEVON DOBBS,
                        Appellant.
_____

Calendar Date:  March 24, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Carolyn B. George, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L.
Grome of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered May 2, 2014 in Albany County, convicting defendant upon
his plea of guilty of the crime of burglary in the second degree
(two counts).

        In satisfaction of a four-count indictment, defendant
pleaded guilty to two counts of burglary in the second degree and
waived his right to appeal.  County Court thereafter sentenced
defendant, as a second felony offender in accord with the
negotiated plea bargain, to 12 years in prison to be followed by
five years of postrelease supervision.  Defendant now appeals.

        We affirm.  Although defendant argues that he was the
subject of an impermissible police seizure such that the evidence

against him should have been suppressed, this contention does not survive his knowing, voluntary and intelligent waiver of the right to appeal (see People v Cooper, 126 AD3d 1046, 1047 [2015], lv denied 26 NY3d 966 [2015]; People v Kormos, 126 AD3d 1039, 1040 [2015]; People v Hodge, 4 AD3d 676, 677 [2004], lvs denied 2 NY3d 800, 807 [2004]).  The record reveals that County Court adequately explained the nature and consequences of the waiver, the fact that this aspect of his plea agreement was separate and distinct from the other rights forfeited upon his plea of guilty, and, upon consultation with counsel, defendant confirmed that he understood the significance of the rights he was waiving and executed a written waiver of his right to appeal (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Therrien, 134 AD3d 1231, 1232 [2015]).  Moreover, he was specifically advised that his plea would effectuate a waiver of his right to consideration of any motions he had or could have made (see People v Santalucia, 19 AD3d 806, 807 [2005], lv denied 5 NY3d 856 [2005]).  Similarly, the valid waiver precludes his claim that his sentence is harsh and excessive (see People v Butler, 134 AD3d 1349, 1349-1350 [2015], lvs denied ___ NY3d ___ [Mar. 16, 2016]; People v Balbuena, 123 AD3d 1384, 1386 [2015]).

Additionally, defendant's claim that he did not receive the effective assistance of counsel is precluded by his guilty plea, except to the extent that it impacts upon the voluntariness of his plea; however, this claim is unpreserved for our review inasmuch as he failed to make an appropriate postallocution motion (see People v Clapper, 133 AD3d 1037, 1038 [2015]; People v Rucker, 133 AD3d 1035, 1035-1036 [2015).  Further, the narrow exception to the preservation requirement is not applicable inasmuch as defendant made no statements during his plea colloquy that would cast doubt on the voluntariness of his plea (see People v Garry, 133 AD3d 1039, 1039-1040 [2015]).  Therefore, we decline to disturb the judgment of conviction.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court