*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    107234
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER

NICHOLAS M. KHAN, Also Known
    as NIDDY,
                        Appellant.
_____

Calendar Date:   April 18, 2016

Before:   Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

                        _____


        Brian M. Quinn, Albany, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from a judgment of the County Court of Schenectady
County (Giardino, J.), rendered October 3, 2014, convicting
defendant upon his plea of guilty of the crime of murder in the
second degree.

        In satisfaction of a consolidated 17-count indictment,
defendant pleaded guilty to murder in the second degree
(intentional) pursuant to a plea agreement that included a
written cooperation agreement and a waiver of appeal.  The
charges primarily stem from defendant's actions, among others, in
repeatedly discharging a gun in the direction of a fleeing
vehicle that had been stolen from him in a drug transaction,
resulting in the death of one of the vehicle's occupants from a

gunshot to the head. The sealed cooperation agreement detailed the terms of the plea agreement and provided, among other things, that, if defendant fully cooperated with the outlined obligations, he would receive a prison sentence of 20 years to life; if he violated any of its terms, he would receive a prison sentence of 25 years to life. Defendant subsequently moved to withdraw his guilty plea alleging that his assigned counsel had been ineffective. County Court assigned substitute counsel to represent defendant on the motion and thereafter denied the motion. After the court twice adjourned the proceedings to permit defendant to confer with assigned counsel to decide whether to cooperate, defendant renounced the cooperation agreement and requested that he be sentenced. Pursuant to the plea agreement, County Court imposed a prison sentence of 25 years to life, and defendant now appeals.

We affirm. Initially, a review of the plea colloquy, counseled written waiver signed in court and executed cooperation agreement establishes that defendant knowingly, voluntarily and intelligently waived his right to appeal and to collaterally attack the conviction or sentence (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Ramos, 7 NY3d 737, 738 [2011]). The written waiver, reviewed with counsel and which defendant indicated he understood, adequately informed him that it was separate from the trial-related rights automatically forfeited upon his guilty plea (see People v Lopez, 6 NY3d at 256). Moreover, the record demonstrates that defendant discussed the appeal waiver with counsel, had no questions about it, was able to explain it to the court and fully understood and unequivocally agreed to it. Therefore, defendant is precluded from challenging the sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256).[1]

_____

[1] Given that defendant was advised of the exact sentence he would receive if he did not cooperate, even if the sentence imposed were viewed as an enhanced sentence, his challenge to the severity of the sentence is precluded by his valid appeal waiver (see People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]).

Turning to his plea, defendant argues that County Court erred in denying his motion to withdraw his plea without holding a hearing. "Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Martin, 136 AD3d 1110, 1111 [2016] [internal quotation marks and citations omitted]). A hearing is required only when "the record presents a genuine issue of fact with respect to its voluntariness" (People v Crispell, 136 AD3d 1121, 1122 [2016] [internal quotation marks and citations omitted]). Defendant's motion was premised upon an ineffective assistance of counsel claim, specifically, that assigned counsel had not fully explained to him the prison time required under the plea agreement and that, after speaking with counsel, he "was under the impression that [he] would have to [serve six-sevenths] of 20 years" and would thereafter serve lifetime parole.[2] However, the record belies any contention that defendant was not fully informed of the potential sentences that he faced, as the cooperation agreement unambiguously outlined all of the plea terms including the sentencing terms. Moreover, during the plea allocution, the court repeatedly explained the plea terms and consequences and the parameters of the sentencing promise, including the minimum and maximum promised sentences that depended on whether he cooperated fully. To that end, the court emphasized that 20 years "is the minimum" sentence that defendant would have to serve if he cooperated, and that it would be up to the Board of Parole thereafter to determine when he would be released to lifetime parole; there was no mention of any possibility that he would be released after serving fewer than 20 years in prison. The court also ascertained that no other promises had been made to him.

Under these circumstances, we find that defendant's guilty plea was knowing, voluntary and intelligent and should be upheld (see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Fiumefreddo, 82 NY2d 536, 546-548 [1993]). In denying

_____

[2] Notably, in his motion to withdraw his plea, defendant did not allege that counsel misinformed him or that he was innocent.

defendant's motion to withdraw his plea, County Court was entitled to rely on the record to conclude that defendant had been consistently and accurately advised of the sentencing conditions and that no other promises or representations had been made regarding sentencing (see People v Ramos, 63 NY2d 640, 642 [1984]; compare People v Fitzgerald, 56 AD3d 811, 813-814 [2008]). Defendant's claim that he had been pressured by counsel to enter a guilty plea is also contradicted by his contrary assurances to the court during the plea allocution. In any event, the specific pressure that defendant described, that of potentially facing life in prison if he did not accept the plea agreement, is not pressure attributable to counsel and does not undermine the voluntariness of his plea (see People v Seaberg, 74 NY2d 1, 8 [1989]; People v Taylor, 135 AD3d 1237, 1237 [2016]). Consequently, the court did not abuse its discretion in denying defendant's motion without a hearing (see People v Ridick, 136 AD3d 1124, 1124 [2016]).

Next, defendant's claim that he was deprived of the effective assistance of counsel, which was preserved by his motion to withdraw his plea, survives his appeal waiver to the extent that it impacts upon the voluntariness of his plea, but is without merit (see People v Howard, 119 AD3d 1090, 1091 [2014], lv denied 24 NY3d 961 [2014]). Notably, "in the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Soprano, 135 AD3d 1243, 1243 [2016] [internal quotation marks and citation omitted]). Here, faced with strong evidence of defendant's guilt, assigned counsel negotiated a favorable plea deal that resolved all charges in the consolidated indictment and other drug-related charges; the agreement also avoided potential consecutive sentencing for defendant's distinct crimes (see Penal Law § 70.25 [2]; People v Harris, 21 NY3d 739, 744-745, 750 [2013]). It bears emphasis that it was defendant's own choice not to cooperate that resulted in the higher agreed-to sentence, and counsel nonetheless advocated for a lower sentence notwithstanding defendant's noncooperation, which had been against counsel's advice. Thus, we find that defendant received meaningful representation (see

People v Benevento, 91 NY2d 708, 712-716 [1998]).[3]  Moreover, defendant failed to articulate good cause to replace assigned counsel, such as irreconcilable differences or a conflict of interest.  We discern no abuse of discretion in County Court's decision, after ample inquiry, not to appoint substitute counsel following the denial of defendant's motion to withdraw his guilty plea (see People v Smith, 18 NY3d 588, 592-593 [2012]; People v Stevenson, 112 AD3d 989, 990-991 [2013], lv denied 22 NY3d 1159 [2014]).

Finally, contrary to defendant's claim, he was repeatedly advised – during the plea allocution, by the express terms of the cooperation agreement and at length prior to sentencing – of the consequences of violating the cooperation agreement, which provided that sentence would not be imposed until after his cooperation was complete.  After conferring with counsel, defendant opted to proceed with sentencing, even after the People indicated that the terms of the cooperation agreement remained available despite defendant's actions that violated that agreement.  By electing to be promptly sentenced rather than cooperate, defendant knowingly waived the 20-year to life sentence.  Thus, we find that he was not deprived of the benefit of the bargain, and his remaining claims similarly lack merit.

Lahtinen, J.P., Garry, Rose and Aarons, JJ., concur.

---

[3]  Defendant's claim that counsel failed to develop or discuss possible defenses with him is outside the record on appeal and is more appropriately raised in a motion pursuant to CPL article 440 (see People v Blair, 136 AD3d 1105, 1106 [2016]).  It is noted that during the plea allocution, County Court advised defendant that, by pleading guilty, he was waiving any potential defenses, which defendant indicated he understood (see People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]).

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court