*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    105971
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
          v                                MEMORANDUM AND ORDER

ELLIOT HERNANDEZ,
                        Appellant.
_____

Calendar Date:  June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

_____

Salvatore Adamo, Albany, for appellant.

James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.

_____

Aarons, J.

Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered January 30, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (four counts).

In full satisfaction of all charges brought against him, defendant pleaded guilty to burglary in the second degree (four counts) and, pursuant to the terms of the negotiated plea agreement, executed a written waiver of his right to appeal in open court.  County Court thereafter sentenced him to concurrent prison terms of seven years, to be followed by five years of postrelease supervision.  County Court also imposed certain conditions of defendant's postrelease supervision, including that he avail himself of any vocational opportunities, undergo health

and drug and alcohol evaluations and follow any recommendations required for a positive discharge.  Defendant now appeals.

Initially, contrary to defendant's contention, his waiver of the right to appeal was valid.  The record reflects that County Court distinguished the right to appeal from the rights automatically forfeited by a guilty plea, and defendant acknowledged that he signed the written waiver after conferring with counsel regarding its contents.  Accordingly, defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Miller, 137 AD3d 1485, 1485 [2016]).  Although defendant's assertion that his guilty plea was not knowing, voluntary or intelligent is not precluded by his waiver of appeal (see People v Burritt, 127 AD3d 1433, 1434 [2015], lv denied 27 NY3d 994 [2016]; People v Guyette, 121 AD3d 1430, 1431 [2014], lv denied 27 NY3d 998 [2016]), his claim is not preserved for our review as defendant failed to make an appropriate postallocution motion (see People v Williams, 27 NY3d 212, 219-220 [2016]; People v Buck, 136 AD3d 1117, 1118 [2016]).  Nor did defendant's statements during the plea allocution cast doubt upon his guilt or negate an essential element of the crimes as to trigger the narrow exception to the preservation requirement (see People v Griffith, 136 AD3d 1114, 1114-1115 [2016]; People v Brown, 125 AD3d 1049, 1049-1050 [2015]).

As to defendant's claims that he was denied the effective assistance of counsel, they survive his appeal waiver to the extent that they implicate the voluntariness of his guilty plea (see People v Beverly, 137 AD3d 1421, 1422 [2016]; People v Brown, 128 AD3d 1273, 1273-1274 [2015]), but defendant did not preserve these claims for our review as there is no indication in the record that defendant made an appropriate postallocution motion (see People v Broomfield, 128 AD3d 1271, 1271-1272 [2015], lv denied 26 NY3d 1086 [2015]; People v Turner, 126 AD3d 1228, 1229 [2015]; People v Guyette, 121 AD3d at 1432).  With regard to defendant's claim that defense counsel refused to file a motion to withdraw defendant's guilty plea, this claim is based on matters outside of the record and is more properly the subject of a CPL article 440 motion (see People v Guyette, 121 AD3d at 1432; see also People v Griffith, 136 AD3d at 1115).

Given defendant's valid appeal waiver, he is foreclosed from challenging both County Court's decision to deny him youthful offender status and the sentence as harsh and excessive (see People v Pacherille, 25 NY3d 1021, 1023-1024 [2015]; People v Lopez, 6 NY3d at 256; People v Bailey, 137 AD3d 1620, 1621 [2016]; People v Roberts, 134 AD3d 1352, 1352 [2015]).  While defendant's challenge to the $4,000 in fines imposed survives the appeal waiver "because the amount of the fine[s] is not included in the terms of the plea bargain set forth in the record" (People v Etkin, 284 AD2d 579, 580-581 [2001], lv denied 96 NY2d 862 [2001]; see People v Ortiz, 104 AD3d 1202, 1203 [2013]), defendant failed to object to the imposition of a fine at sentencing or otherwise preserve his contention for our review (see People v Wingo, 103 AD3d 1036, 1037 [2013], lv denied 21 NY3d 1021 [2013]; People v Trimm, 295 AD2d 640, 642 [2002], lv denied 98 NY2d 732 [2002]; People v Carrillo, 257 AD2d 780, 783 [1999], lv denied 93 NY2d 967 [1999]).

Finally, the People concede, and we agree, that because only the Board of Parole is authorized to impose the conditions of a term of a postrelease supervision (see Penal Law § 70.45 [3]; Executive Law §§ 259-c [2]; 259-i [3], [4]; People v Monk, 21 NY3d 27, 32 [2013]; People v Curry, 123 AD3d 1381, 1383-1384 [2014], lv denied 25 NY3d 950 [2015]), County Court erred to the extent that it imposed certain conditions of defendant's postrelease supervision at sentencing, and those conditions must be stricken (see People v Curry, 123 AD3d at 1383-1384).

Peters, P.J., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the judgment is modified, on the law, by striking the conditions of postrelease supervision imposed as part of the sentence; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court