# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 6, 2016         107358
                                                        107556

————————————————————————

THE PEOPLE OF THE STATE OF
    NEW YORK,
                 Respondent,
      v                         MEMORANDUM AND ORDER

BENJAMIN DICKSON-EASON,
                 Appellant.

————————————————————————

Calendar Date: September 16, 2016

Before: Peters, P.J., McCarthy, Garry, Clark and Aarons, JJ.

————————

Catherine A. Barber, Albany, for appellant, and appellant pro se.

P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.

————————

Garry, J.

Appeals (1) from a judgment of the Supreme Court (Breslin, J.), rendered January 15, 2015 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered April 14, 2015 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following the denial of his motion to suppress statements made to police, among other evidence, defendant pleaded guilty to burglary in the second degree pursuant to a plea agreement that included a waiver of appeal. The sentence was capped at 10 years

to be followed by five years of postrelease supervision. Supreme Court denied defendant's subsequent motion to withdraw his guilty plea,[1] following a hearing, and imposed a prison sentence of 10 years with five years of postrelease supervision, as a second felony offender. Defendant thereafter moved pursuant to CPL article 440 to vacate the judgment of conviction, which the court denied in a written decision. Defendant now appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate.

Initially, defendant's challenge to the denial of his motion to suppress his statements to police is precluded by his knowing, voluntary and intelligent waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Kemp, 94 NY2d 831, 833 [1999]; People v Zippo, 136 AD3d 1222, 1222 [2016], lv denied 27 NY3d 1141 [2016]; People v Cooper, 126 AD3d 1046, 1047 [2015], lv denied 26 NY3d 966 [2015]). During the plea allocution, an appeal waiver was recited as a term of the agreement, defendant was adequately advised as to its nature and consequences and that it was separate and distinct from those rights automatically forfeited by his guilty plea, and he reviewed it with counsel before signing a written appeal waiver in court (see People v Dobbs, 138 AD3d 1352, 1353 [2016], lv denied ___ NY3d ___ [Aug. 24, 2016]). The valid appeal waiver also forecloses defendant's challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256 [2009]).

Defendant also argues that his plea was involuntary due to the ineffective assistance provided by former counsel prior to and at the time of the plea, and that his motion to vacate his plea should have been granted. At the hearing on that motion, defendant testified that counsel misled and misinformed him regarding his likely sentencing status, among other things, and failed to disclose evidence to him, and he claimed that he was innocent and only pleaded guilty to avoid a life sentence. Supreme Court discredited these allegations based upon, among

---

[1] Substitute counsel was assigned to represent defendant on this motion and thereafter.

other factors, the transcript of the plea allocution and former counsel's contrary hearing testimony. The record reveals that defendant was adequately advised that persistent felony offender sentencing was possible, not mandatory, if he were convicted.

Notably, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Briggs, 138 AD3d 1355, 1356 [2016] [internal quotation marks and citation omitted], lv denied ___ NY3d ___ [Aug. 2, 2016]) and the decision "[w]hether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of [the trial c]ourt, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Farnsworth, 140 AD3d 1538, 1539 [2016] [internal quotation marks and citations omitted]). Deferring to the court's credibility determinations (see People v Eggsware, 125 AD3d 1057, 1058 [2015], lv denied 25 NY3d 1162 [2015]), which are supported by defendant's sworn statements during the plea allocution and counsel's testimony, we are persuaded that defendant's guilty plea was a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015] [internal quotation marks and citation omitted]; see People v Fiumefreddo, 82 NY2d 536, 543 [1993]). Further, in denying his motion to withdraw his plea, the court was entitled to rely on the record (see People v Khan, 139 AD3d 1261, 1263 [2016], lvs denied ___ NY3d ___ [Aug. 15, 2016]), which establishes that he received meaningful representation (see People v Benevento, 91 NY2d 708, 712-716 [1998]; People v Khan, 139 AD3d at 1264) and fails to provide any basis for vacating the plea.

Finally, Supreme Court did not err in denying defendant's motion to vacate the judgment of conviction. Most of the issues raised on his motion concern claims that former counsel provided ineffective assistance, which were raised (and rejected) or could have been raised on his direct appeal, as "sufficient facts appear on the record" to permit adequate review thereof and, thus, these claims are not the proper subject of a motion

pursuant to CPL article 440 (CPL 440.10 [2] [b]; see People v Cuadrado, 9 NY3d 362, 364-365 [2007]; People v Anderson, 104 AD3d 968, 972 [2013], lv denied 21 NY3d 1016 [2013]).  To the extent that facts bearing on this issue do not appear on the record, the court properly denied the motion because the facts could "have readily been made to appear on the record" (CPL 440.10 [3] [a]), that is, the claims could have been addressed upon former counsel's motion to withdraw from the case or upon substitute counsel's motion to withdraw defendant's plea, which was premised upon ineffective assistance of former counsel.  Further, defendant's allegations are either contradicted by the record or unsupported by any other evidence or affidavits, and he failed to demonstrate any "reasonable probability" that they were true (CPL 440.30 [4] [d]).  Thus, the motion was properly summarily denied (see People v Lagas, 111 AD3d 1026, 1027 [2013], lv denied 16 NY3d 741 [2011]).  Defendant's remaining claims, including those raised in his pro se brief and reply brief, similarly lack merit.

Peters, P.J., McCarthy, Clark and Aarons, JJ., concur.

ORDERED that the judgment and order are affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court