Rumsey, J. Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 22, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree. Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with attempted criminal possession of a weapon in the second degree. The negotiated plea agreement, which included a waiver of the right to appeal, also disposed of additional pending or then uncharged crimes that defendant was facing. Defendant thereafter pleaded guilty as charged and received the agreed-upon prison term of seven years followed by five years of postrelease supervision. This appeal by defendant ensued. Defendant initially contends that his waiver of the right to appeal was invalid. We disagree. Defendant was aware that such waiver was a component of his plea agreement, County Court distinguished the waiver of appeal from the trial-related rights that defendant was forfeiting by pleading guilty and defendant, in turn, orally waived his right to appeal and signed a written waiver to that effect (see People v Johnson, 153 AD3d 1031, 1032 [2017], lv denied 30 NY3d 980 [2017]; People v Dubois, 150 AD3d 1562, 1563 [2017]; People v Dickson-Eason, 143 AD3d 1013, 1013-1014 [2016], lv denied 28 NY3d 1123 [2016]). Defendant’s present claim—the he only “skimmed” the written waiver—is belied by the transcript of the plea proceeding, which reflects that defendant conferred with counsel prior to executing the written waiver and thereafter affirmed his understanding thereof (see People v Lambert, 151 AD3d 1119, 1119 [2017], lv denied 29 NY3d 1092 [2017]). Under these circumstances, we find that defendant’s waiver of the right to appeal was knowing, intelligent and voluntary (see People v Gray, 152 AD3d 1068, 1069 [2017], lv denied 30 NY3d 980 [2017]; People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]), thereby precluding his claim that the agreed-upon sentence imposed was harsh and excessive (see People v Odom, 150 AD3d 1484, 1485 [2017]; People v Dickson-Eason, 143 AD3d at 1014). To the extent that defendant’s brief may be read as challenging the voluntariness of his plea, although this claim survives his valid waiver of appeal, it is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Hankerson, 147 AD3d 1153, 1153 [2017], lv denied 29 NY3d 998 [2017]; People v Oddy, 144 AD3d 1322, 1323 [2016], lv denied 29 NY3d 1131 [2017]). Additionally, inasmuch as defendant did not make any statements during the course of the plea colloquy that cast doubt upon his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Millard, 147 AD3d 1155, 1156 [2017], lv denied 29 NY3d 999 [2017]; People v Lunan, 141 AD3d 947, 948 [2016], lv denied 28 NY3d 1125 [2016]). Accordingly, the judgment of conviction is affirmed. McCarthy, J.P., Rose, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.