People v Muckey (2018 NY Slip Op 01101)





People v Muckey


2018 NY Slip Op 01101


Decided on February 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2018

108433

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RONALD J. MUCKEY, Appellant.

Calendar Date: January 10, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

Jay L. Wilber, Public Defender, Binghamton (Andrew Newmark of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered August 18, 2015, convicting defendant upon his plea of guilty of the crime of rape in the first degree.
Defendant was charged in an indictment with two counts of predatory sexual assault against a child and one count of sexual abuse in the first degree after he had sexual intercourse with a seven-year-old female. Prior to trial, his counsel submitted a letter to County Court requesting it to conduct a taint hearing to ascertain if the seven-year-old victim had been unduly influenced by her mother to make the accusations against defendant. County Court denied this request. Thereafter,
defendant pleaded guilty to rape in the first degree in satisfaction of the indictment and also waived his right to appeal, both orally and in writing. He was sentenced, in accordance with the terms of the plea agreement, to eight years in prison to be followed by 10 years of postrelease supervision. Defendant now appeals.
Initially, defendant contends that County Court erred in denying his request for a pretrial taint hearing. Inasmuch as defendant's challenge is evidentiary in nature, it is precluded by his valid waiver of the right to appeal (see e.g. People v Shillabeer, 154 AD3d 1017, 1018 [2017]; People v Johnson, 153 AD3d 1031, 1031 [2017], lv denied 30 NY3d 980 [2017]; People v [*2]Hartfield, 151 AD3d 1116, 1118 [2017], lv denied 29 NY3d 1127 [2017]; People v Cooper, 126 AD3d 1046, 1047 [2015], lv denied 26 NY3d 966 [2015]). Furthermore, although defendant also asserts that his counsel was ineffective due to his failure to successfully persuade County Court to conduct a taint hearing, we do not find on the record before us that defendant was denied meaningful representation (see People v Hall, 147 AD3d 1151, 1152-1153 [2017], lv denied 29 NY3d 1080 [2017]; People v Cooper, 126 AD3d at 1047-1048). Although there is no "'express statutory authority for a hearing to determine whether the testimony of [a] child witness[] has been tainted by suggestive interviewing techniques,' a court nonetheless may — 'upon a proper showing' by the defendant — direct that a pretrial taint hearing be held" (People v Milford, 118 AD3d 1166, 1168 [2014], lv denied 23 NY3d 1065 [2014], quoting People v Nickel, 14 AD3d 869, 870-871 [2005], lv denied 4 NY3d 834 [2005]). Here, "defendant failed to make a nonspeculative showing of any undue suggestion" (People v Nickel, 14 AD3d at 871) and, consequently, County Court did not abuse its discretion in declining to conduct a taint hearing.
McCarthy, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.