People v Watkins (2018 NY Slip Op 07797)





People v Watkins


2018 NY Slip Op 07797


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

109186

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
LLOYD A. WATKINS, Appellant.

Calendar Date: October 16, 2018

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered November 23, 2016, convicting defendant upon his plea of guilty of the crime of sexual abuse in the first degree (two counts).
In satisfaction of two superior court informations and certain other uncharged offenses, defendant pleaded guilty to two counts of sexual abuse in the first degree and waived his right to appeal, orally and in writing. At sentencing, County Court — after considering various letters of support and defendant's cognitive limitations as set forth by a treating psychologist — denied defendant's request to be adjudicated a youthful offender based upon the seriousness of the charges, the number of victims and the fact that defendant was on probation for similar conduct at the time the crimes were committed. The court thereafter sentenced defendant in accordance with the plea agreement to concurrent prison terms of six years, followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, the plea colloquy establishes that he knowingly, voluntarily and intelligently waived his right to appeal. The record reflects that County Court repeatedly explained that the waiver of the right to appeal was separate and distinct from the rights that defendant would be forfeiting by pleading guilty, and that defendant stated more than once that he understood. In addition, defendant reviewed the written appeal waiver with his counsel, executed it in open court and affirmed that he understood its consequences. As we find defendant's appeal waiver to be valid, review of his claim that his sentence is harsh and excessive is precluded (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Williams, 163 AD3d 1172, 1173 [2018], lv denied ___ NY3d ___ [Sept. 12, 2018]). Further, because County Court did not abrogate its responsibility to determine whether to grant defendant youthful offender status, defendant's challenge to the court's discretionary determination to deny him youthful offender status is foreclosed by the valid appeal waiver (see People v Pacherille, 25 [*2]NY3d 1021, 1023-1024 [2015]; People v Simmons, 159 AD3d 1270, 1271 [2018]; People v Hernandez, 140 AD3d 1521, 1523 [2016], lv denied 28 NY3d 971 [2016]).
Garry, P.J., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.