■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR S. GRICE, Appellant. [950 NYS2d 403]—

Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered May 20, 2011, which resentenced defendant following his conviction of the crime of robbery in the second degree.

Defendant was convicted after a jury trial of the crime of robbery in the first degree. County Court sentenced him as a second felony offender to 15 years in prison, followed by five years of postrelease supervision. On appeal, this Court reduced the conviction to robbery in the second degree and remitted the matter to County Court for resentencing (84 AD3d 1419 [2011], *lv denied* 17 NY3d 806 [2011]). Upon remittal, County Court resentenced defendant to the same sentence as originally imposed. Defendant appeals, contending that the resentence was motivated by vindictiveness for exercising his right to appeal.

Preliminarily, the People contend that defendant failed to preserve this issue for appellate review. We disagree. To preserve an issue for appeal, a specific objection or "exception" is not mandated; rather, it "is sufficient if the party made his [or her] position with respect to the ruling . . . known to the court, or . . . either expressly or impliedly sought or requested a particular ruling" (CPL 470.05 [2]; *cf.* CPLR 4017). At resentencing, defense counsel argued that, since County Court initially sentenced defendant to a prison term near the middle of the statutory range for his conviction of robbery in the first degree, it should likewise sentence defendant to a prison term in the middle of the statutory range for his conviction of robbery in the second degree. Defendant therefore made his position known to County Court prior to the resentence being imposed.

On the merits, we find no indication in the record that County Court acted vindictively in imposing the resentence, as opposed to relying on defendant's extensive criminal history (*see People v Young*, 94 NY2d 171, 180-181 [1999]; *People v Lawrence*, 44 AD3d 967 [2007], *lv denied* 10 NY3d 841 [2008]).

Mercure, J.P., Rose, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.