■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH LANGLEY, Appellant. [974 NYS2d 655]—McCarthy, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered June 17, 2011, convicting defendant upon his plea of guilty of the crime of rape in the third degree, and (2) from a judgment of said court, rendered June 17, 2011, convicting defendant upon his plea of guilty of the crime of possessing a sexual performance by a child.

Pursuant to a plea agreement, defendant pleaded guilty to one count of rape in the third degree in full satisfaction of an indictment charging him with 15 counts of said crime and one count of criminal sexual act in the third degree and was sentenced to three years in prison followed by seven years of postrelease supervision. As a part of the same plea agreement addressing a separate matter, defendant waived indictment and pleaded guilty to a superior court information charging him with possessing a sexual performance by a child. County Court sentenced him to the agreed-upon term of 1 to 3 years in prison to run consecutively to the sentence on the rape count. Defendant now appeals both judgments of conviction.

As the record does not reflect that defendant moved to vacate the judgment of conviction or withdraw his guilty plea, his challenge to his plea to the rape count is not preserved for our review (*see People v Zimmerman*, 87 AD3d 1225, 1225 [2011]; *People v Planty*, 85 AD3d 1317, 1317-1318 [2011], *lv denied* 17 NY3d 820 [2011]). In any event, the record reflects that the plea was knowing, voluntary and intelligent. The terms of the plea agreement were clearly set forth on the record, County Court advised defendant of the rights he was forfeiting by pleading guilty and defendant acknowledged that he understood these rights and proceeded to freely admit his guilt (*see People v Zimmerman*, 87 AD3d at 1225; *People v Keebler*, 15 AD3d 724, 725-726 [2005], *lv denied* 4 NY3d 854 [2005]). Turning to defendant's argument that the sentences imposed were harsh and excessive, we find no abuse of discretion or extraordinary circumstances warranting modification of the sentences imposed pursuant to the negotiated plea agreements (*see People v Garren*, 84 AD3d 1638, 1638-1639 [2011], *lv denied* 17 NY3d 816 [2011]; *People v Miller*, 70 AD3d 1120, 1121 [2010], *lv denied* 14 NY3d 890 [2010]).

Rose, J.P., Stein and Garry, JJ., concur. Ordered that the judgments are affirmed.