Clark, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered October 10, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Defendant was charged in an indictment with two counts of *1006 criminal possession of a controlled substance in the third degree following an incident in which police recovered cocaine, as well as other drugs and related items, from a hotel room where he was staying. Defense counsel moved to suppress the evidence gathered as a result of the search of the hotel room. There were a number of adjournments of the suppression hearing and, before it was conducted, defendant pleaded guilty to one count of criminal possession of a controlled substance in the third degree in satisfaction of the indictment. Consistent with the plea agreement, he was sentenced to two years in prison to be followed by two years of postrelease supervision. He now appeals.
Defendant argues that he was denied the effective assistance of counsel by his attorney’s failure to proceed with the suppression hearing prior to defendant’s entry of a guilty plea. To the extent that this claim has a bearing upon the voluntariness of defendant’s plea, we find that it is unpreserved due to defendant’s failure to make an appropriate postallocution motion (see People v Smith, 119 AD3d 1088, 1089 [2014]; People v Flake, 95 AD3d 1371, 1372 [2012], lv denied 19 NY3d 973 [2012]; People v Stevenson, 58 AD3d 948, 949 [2009], lv denied 12 NY3d 860 [2009]). As for defendant’s claim that his sentence is harsh and excessive, we find it to be unpersuasive. Defendant could have received a determinate sentence of anywhere from one to nine years in prison for the crime to which he pleaded guilty (see Penal Law § 70.70 [2] [a] [i]). He received two years in prison instead and this was the sentence agreed to under the terms of the plea agreement. Therefore, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Lawal, 73 AD3d 1287, 1290 [2010]; People v Muniz, 12 AD3d 937, 939 [2004]).
Lahtinen, J.E, McCarthy, Rose and Lynch, JJ., concur.
Ordered that the judgment is affirmed.