*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 18, 2014        105607
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                 Respondent,

       v                            MEMORANDUM AND ORDER

THOMAS F. BROWN,
                 Appellant.
_____

Calendar Date:  November 19, 2014

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

       Laura Marie Conley, Delmar, for appellant.

       Gerald F. Mollen, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

_____

Lahtinen, J.P.

       Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered December 10, 2012, which resentenced defendant following his conviction of the crime of attempted assault in the first degree.

       Defendant was convicted, following a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentenced as a second felony offender to concurrent prison terms, respectively, of 10 years with five years of postrelease supervision (hereinafter PRS) and 3 to 6 years.  The charges stem from defendant's conduct in slashing an acquaintance of his girlfriend with a utility knife.  This Court thereafter reduced the assault conviction to attempted assault in the first degree and remitted for resentencing on said count (100

AD3d 1035 [2012], lv denied 20 NY3d 1009 [2013]).  County Court
then resentenced defendant to a prison term of nine years with
five years of PRS, to be served concurrently to the weapon
possession sentence.  Defendant now appeals.

Initially, we are unpersuaded by defendant's contention
that County Court acted inconsistently with this Court's remittal
order by regarding the victim's injuries as life threatening
serious physical injuries.  As the sentencing court recognized,
this Court reduced the assault in the first degree conviction to
attempted assault in the first degree based upon our finding that
the victim had not sustained serious physical injury; we reduced
that count to an attempt based upon our conclusion that the proof
had established that defendant acted with intent to cause serious
physical injury and had inflicted physical injury (100 AD3d at
1035-1036).  In its resentence, the court properly took into
consideration defendant's intent, albeit unsuccessful, to cause
serious injury when he inflicted a 12-inch cut, two to three
inches deep, across the victim's abdomen (id. at 1036), as well
as the fact that it was merely fortuitous that defendant did not
cause such injury, including death (see Penal Law § 10.00 [10]).
Thus, the court did not act under the misapprehension that the
victim had sustained serious physical injury, and the sentence
was not "unauthorized" or "invalid as a matter of law" (CPL
470.15 [4][c]).  Further, we find no support in the record that
the court acted vindictively in imposing the reduced resentence,
or that defendant was penalized for exercising his right to
appeal (see People v Grice, 98 AD3d 755, 755 [2012], lv denied 20
NY3d 932 [2012]; People v Coon, 45 AD3d 897, 898 [2007], lv
denied 10 NY3d 763 [2008]; see also People v Young, 94 NY2d 171,
176-177 [1999]).

We also reject defendant's contention that the resentence,
imposed concurrently to his weapon possession sentence, was harsh
and excessive.  The resentence was based upon appropriate
sentencing factors, including defendant's extensive criminal
history and the violent and intentional nature of his conduct
against the unarmed victim, as well as his good conduct while
confined (see People v Helms, 119 AD3d 1153, 1155-1156 [2014];
People v Coon, 45 AD3d at 898).  His claim that the presentence
report contains inaccuracies is unpreserved (see People v Ruff,

50 AD3d 1167, 1168 [2008]; People v Harrington, 3 AD3d 737, 739 [2004], lv denied 4 NY3d 887 [2005]).  As we discern no extraordinary circumstances or abuse of discretion, we decline to reduce the sentence in the interest of justice (see CPL 470.15 [4] [c]; [6] [b]; People v Daniels, 24 AD3d 970, 972 [2005], lv denied 6 NY3d 811 [2006]).  Defendant's remaining claims are also devoid of merit.

        Garry, Rose and Devine, JJ., concur.


        ORDERED that the judgment is affirmed.



                    ENTER:


                    Robert D. Mayberger
                    Clerk of the Court