*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016                107793
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                   MEMORANDUM AND ORDER

JOSE H. CADET,
                        Appellant.
_____

Calendar Date:  October 18, 2016

Before:  Peters, P.J., Garry, Devine, Clark and Aarons, JJ.

_____

        G. Scott Walling, Schenectady, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Sara E. Fischer of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered June 5, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

        Defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal.  County Court denied defendant's subsequent motion to withdraw his guilty plea and sentenced him, in accordance with the terms of the plea agreement, to a prison term of two years followed by two years of postrelease supervision.  Defendant appeals.

We are unpersuaded by defendant's contention that County Court abused its discretion in summarily denying his motion to withdraw his plea. It is within the trial court's discretion to determine the nature and extent of the fact-finding procedures necessary to decide a motion to withdraw a guilty plea and a limited interrogation by the court will often be sufficient (see People v Fiumefreddo, 82 NY2d 536, 544 [1993]; People v Tinsley, 35 NY2d 926, 927 [1974]; People v Riddick, 136 AD3d 1124, 1124 [2016], lv denied 27 NY3d 1154 [2016]). "An evidentiary hearing will be required only where the record presents a genuine question of fact as to the plea's voluntariness" (People v Decker, 139 AD3d 1113, 1116 [2016] [internal quotation marks and citations omitted], lv denied 28 NY3d 928 [2016]; see People v Brown, 14 NY3d 113, 116 [2010]).

Here, defendant moved to withdraw his plea on the basis that he continued to be harassed and threatened by a codefendant, that he was innocent and that his guilty plea would result in his deportation. A review of the plea colloquy reflects that County Court explained, and defendant acknowledged that he understood, the deportation consequences of the guilty plea (see People v Rebelo, 137 AD3d 1315, 1317 [2016], lv denied 28 NY3d 936 [2016]). Additionally, the continued threats and harassment by a codefendant do not undermine the voluntariness of the plea. Finally, defendant's sworn admissions during the plea allocution contradict his conclusory and unsupported claim of innocence (see People v Crispell, 136 AD3d 1121, 1122 [2016], lv denied 27 NY3d 1149 [2016]; People v Barton, 126 AD3d 1238, 1239 [2015], lv denied 26 NY3d 1142 [2016]).

Next, we agree with defendant that the waiver of the right to appeal is invalid because he was not advised that his right to appeal was separate and distinct from the rights that he automatically forfeited by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Beverly, 137 AD3d 1421, 1422 [2016], lv denied 27 NY3d 1128 [2016]). As such, his challenge to the sentence as harsh and excessive is not precluded. Nevertheless, we find no basis to disturb the sentence imposed. We note that the agreed-upon sentence was significantly less than the maximum statutorily permitted sentence (see Penal Law § 70.70 [2] [a] [i]). Furthermore, our review of the record reveals no

extraordinary circumstances or abuse of discretion to warrant a reduction of the sentence in the interest of justice (see People v White, 122 AD3d 1005, 1006 [2014]).

Peters, P.J., Garry, Devine and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court