■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. WALLEY, Appellant. [54 NYS3d 197]—

Clark, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered April 24, 2015, convicting defendant upon his plea of guilty of the crime of aggravated criminal contempt.

Defendant was charged in three separate indictments with multiple crimes arising from various incidents of inappropriate contact that he had with the victim, who is the mother of his children and the subject of an order of protection. The indictments were consolidated and defendant entered an *Alford* plea of guilty to the crime of aggravated criminal contempt in satisfaction thereof. Under the terms of the plea agreement, he waived his right to appeal and was to be sentenced as a second felony offender to 2½ to 5 years in prison. County Court sentenced defendant to the agreed-upon prison term and directed that it run consecutively to the 1 to 3-year resentence that had been imposed upon his prior conviction of criminal mischief in the third degree. Defendant now appeals.

Defendant challenges the severity of the sentence which, when added to the prison term that he is serving upon being resentenced for criminal mischief in the third degree, amounts to an aggregate prison term of 3½ to 8 years. Preliminarily,

the People concede, and we agree, that defendant's waiver of the right to appeal is invalid and does not preclude him from raising this challenge, inasmuch as the record does not disclose that he was advised of and fully understood the separate and distinct nature of the waiver (*see People v Cadet*, 144 AD3d 1335, 1336-1337 [2016], *lv denied* 28 NY3d 1143 [2017]; *People v Maxwell*, 142 AD3d 739, 740 [2016]). As to the merits, defendant agreed, as part of the *Alford* plea, to the sentence of 2½ to 5 years in prison, which was well within the statutory parameters (*see* Penal Law § 70.06 [3] [d]; [4] [b]). Although defendant maintains that there is an absence of any on-the-record discussion of the manner in which the sentence would run, the record discloses that the plea offer that was communicated to defendant specified that such sentence would run consecutively to his resentence on the criminal mischief conviction. Furthermore, defendant has a lengthy criminal record characterized by multiple incidents of domestic violence and repeated violations of orders of protection. In view of the foregoing, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Lawing*, 110 AD3d 1354, 1356 [2013], *lv denied* 22 NY3d 1200 [2014]; *People v Spear*, 37 AD3d 870, 871 [2007]).

Garry, J.P., Lynch, Rose and Aarons, JJ., concur. Ordered that the judgment is affirmed.