■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE J. BRODUS, Appellant. [54 NYS3d 600]—

Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 23, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (four counts).

Defendant waived indictment and pleaded guilty to four counts of burglary in the second degree as charged in a superior court information stemming from home invasions committed on separate dates. The plea agreement satisfied other pending burglary charges and other uncharged crimes. County Court thereafter sentenced defendant as a second violent felony offender to the agreed-upon concurrent prison terms of 10 years with five years of postrelease supervision on each count, and ordered defendant to pay restitution. Defendant appeals.

Defendant argues that the sentence is harsh and excessive

in that County Court failed to consider the appropriate sentencing factors and should have imposed the minimum available prison sentence of seven years. We disagree. The record reflects that the court imposed the promised sentence after reviewing the presentence report and considering appropriate sentencing factors, including defendant's criminal history, college education, prior conduct in absconding from probation supervision and the other charges that this plea agreement satisfied (*see People v Farrar*, 52 NY2d 302, 305-306 [1981]; *People v Brown*, 123 AD3d 1298, 1299 [2014], *lv denied* 25 NY3d 1199 [2015]). The negotiated sentence avoided potential consecutive sentences of up to 15 years on each of the burglary convictions (*see* Penal Law §§ 70.02 [1] [b]; 70.04 [3] [b]; 70.25 [2]). Upon review, we discern no extraordinary circumstances or abuse of discretion and therefore decline to reduce the sentence in the interest of justice (*see* CPL 470.15 [4] [c]; [6] [b]).

With regard to the contentions raised in defendant's pro se supplemental brief, County Court did not abuse its discretion in refusing to strike the evaluative remarks in the presentence report (*see* CPL 390.30 [1], [3] [a]; 9 NYCRR 350.7 [b] [4]). The court recognized that the remarks reflected the author's opinion (*see* 9 NYCRR 350.5) and afforded defense counsel an opportunity to contest them, and it was for the court to determine what bearing, if any, it should have on the sentence to be imposed (*see People v Paragallo*, 82 AD3d 1508, 1509 [2011]; *see also People v Hansen*, 99 NY2d 339, 345-346 [2003]). Defendant's claim that the trial judge was biased against him because he had presided over prior cases against him was not preserved for our review and, in any event, lacks any record support (*see* Judiciary Law § 14; *People v Mabry*, 27 AD3d 835, 836 [2006]). Defendant's challenge to the DNA database fee, crime victim assistance fee and mandatary surcharge are unavailing, as they were mandatory upon his conviction of a felony, in the absence of proof that he paid the restitution ordered (*see* Penal Law § 60.35 [1] [a]; [6]; *People v Ortolaza*, 120 AD3d 843, 844 [2014], *lv denied* 25 NY3d 991 [2015]).*

McCarthy, J.P., Lynch, Rose, Devine and Aarons, JJ., concur. Ordered that the judgment is affirmed.

---

* To the extent that defendant is challenging the restitution order, he agreed to pay restitution as part of the plea agreement and did not request a hearing or object to the amount awarded and, therefore, this claim is unpreserved (*see People v Mahon*, 148 AD3d 1303, 1303 [2017]).