People v Robinson (2018 NY Slip Op 01964)





People v Robinson


2018 NY Slip Op 01964


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

108327

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RASHEEN J. ROBINSON, Also Known as BEAN, Appellant.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Dennis J. Lamb, Troy, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (McDonough, J.), rendered March 11, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a multicount indictment and other pending charges, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree in exchange for a determinate sentence ranging from 10 to 12 years followed by three years of postrelease supervision. In conjunction therewith, defendant also was required to waive his right to appeal. Defendant subsequently pleaded guilty and
thereafter was sentenced as a second felony offender to a prison term of 12 years followed by three years of postrelease supervision. This appeal ensued.
The People concede, and our review of the record confirms, that the abbreviated waiver colloquy was insufficient to apprise defendant of his appellate rights and confirm his corresponding understanding thereof. In light of the invalid waiver, defendant is not precluded from challenging the severity of the sentence imposed (see People v Metayeo, 155 AD3d 1239, 1240 [2017]; People v Walley, 150 AD3d 1334, 1334-1335 [2017]), but we find his arguments on this point to be lacking in merit.
Contrary to defendant's assertion, Supreme Court's comments at the time of sentencing [*2]did not violate defendant's rights under the Fifth Amendment, nor did the sentence ultimately imposed by the court violate defendant's rights under the Eighth Amendment (see People v Brady, 97 NY2d 233, 236-237 [2002]; compare Mitchell v United States, 526 US 314 [1999]). Additionally, defendant received a sentence that was consistent with the terms of the plea agreement (see People v Blanco, 156 AD3d 945, 946 [2017]), and Supreme Court delineated the various reasons underlying the sentence imposed, including defendant's lengthy and significant criminal history and his previous and unsuccessful attempts at probation and parole (see People v Brodus, 151 AD3d 1469, 1470 [2017]). We further note that the record reflects an escalating pattern of criminal offenses. Under these circumstances, and inasmuch as the record otherwise fails to disclose any abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of the justice, the judgment of conviction is affirmed (see People v Barnes, 150 AD3d 1338, 1339 [2017]; People v Langley, 111 AD3d 1023, 1024 [2013]).
Egan Jr., J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.