People v Morrow (2018 NY Slip Op 05267)





People v Morrow


2018 NY Slip Op 05267


Decided on July 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 13, 2018

108248

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent
v
MAURICE D. MORROW, Appellant.

Calendar Date: May 8, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


Robert A. Regan, Glens Falls, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Upon the Court's own motion, it is
ORDERED that the memorandum and order decided and entered June 28, 2018 (2018 
NY Slip Op 04786) is vacated, and the follwoing memorandum and order is substituted therefor.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered February 26, 2015, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal. In accordance with the terms of the plea agreement, defendant was sentenced to seven years in prison followed by three years of postrelease supervision. He now appeals.
We affirm. Initially, the People concede, and we agree, that defendant's waiver of the right to appeal is invalid inasmuch as County Court failed to advise defendant that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Treceno, 160 AD3d 1216, 1216 [2018]; People v Lane, 159 AD3d 1195, 1195 [2018]; People v Walley, 150 AD3d 1334, 1334-1335 [2017]; People v Cadet, 144 AD3d 1335, 1336-1337 [2016], lv denied 28 NY3d 1143 [2017], cert denied ___ US ___, 138 S Ct 112 [2017]). As such, defendant's challenge to the sentence as harsh and excessive is not precluded. Nevertheless, we find no basis to disturb the agreed-upon sentence that was imposed. In this regard, defendant's sentence is well within the permissible statutory range (see Penal Law § 70.70 [3] [b] [i]), and our review of the record reveals no extraordinary circumstances or abuse of discretion to warrant a reduction of the sentence in the interest of justice (see People v Whalen, 101 AD3d 1167, 1169 [2012], lv denied 20 NY3d 1105 [2013]).
Lastly, we note that, although County Court referred to defendant as a second felony offender at sentencing, the court actually sentenced defendant as a second felony drug offender (compare Penal Law § 70.06 [3] [b]; [4] [b], with Penal Law § 70.70 [3] [b] [i]). Accordingly, an amended uniform sentence and commitment form must be prepared that reflects his status as a second felony drug offender (see People v Williams, 145 AD3d 1188, 1191 [2016], lv denied 29 NY3d 1002 [2017]; People v Labaff, 127 AD3d 1471, 1472 [2015], lv denied 26 NY3d 931 [2015]).
Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted for entry of an amended uniform sentence and commitment form.