People v White (2018 NY Slip Op 05533)





People v White


2018 NY Slip Op 05533


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
LAWRENCE WHITE, Also Known as BOY BOY, Appellant.

Calendar Date: June 11, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered March 18, 2016, convicting defendant upon his plea of guilty of the crimes of attempted criminal possession of a weapon in the second degree and perjury in the first degree.
In satisfaction of two indictments, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree and perjury in the first degree and purportedly waived his right to appeal. County Court thereafter imposed the agreed-upon aggregate sentence of 6½ years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.
Initially, we agree with defendant that he did not knowingly, intelligently and voluntarily waive the right to appeal. County Court failed to explain to him that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Meddaugh, 150 AD3d 1545, 1546 [2017]). Further, although defendant executed two written waivers of appeal, County Court did not "ensure that defendant understood the content or consequences of the appeal waiver[s]" (People v Williams, 132 AD3d 1155, 1155 [2015], lv denied 27 NY3d 1157 [2016]; accord People v Aubain, 152 AD3d 868, 869 [2017]). While the invalid appeal waivers do not preclude defendant's challenge to his sentence as harsh and excessive, the sentence was in accordance with the plea agreement and we find no abuse of discretion or extraordinary circumstances warranting a reduction thereof (see People v Wolcott, 154 AD3d 1001, 1002 [2017], lv denied ___ NY3d ___ [May 14, 2018]; People v Langley, 111 AD3d 1023, 1024 [2013]).
Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.