People v Suddard (2018 NY Slip Op 05630)





People v Suddard


2018 NY Slip Op 05630


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018

108119

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
JOHN SUDDARD, Appellant.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


Kelly L. Egan, Rensselaer, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered December 13, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
In satisfaction of a 14-count indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. County Court sentenced defendant, as a second violent felony offender, to a negotiated prison term of 15 years followed by five years of postrelease supervision. Defendant appeals.
To the extent that defendant asserts that inadmissible hearsay and erroneous instructions before the grand jury impaired the legal sufficiency of the evidence supporting the indictment, such claim is not jurisdictional in nature and, therefore, was forfeited by his guilty plea (see People v Guerrero, 28 NY3d 110, 115-116 [2016]; People v Cole, 118 AD3d 1098, 1099-1100 [2014]). Next, the People concede, and our review of the record confirms, that the waiver of the right to appeal was invalid "inasmuch as the record does not establish that defendant understood that the right to appeal was separate and distinct from the rights forfeited by a guilty plea" (People v Maxwell, 142 AD3d 739, 740 [2016]; see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]). As such, defendant's challenge to the severity of the sentence is not precluded. Nonetheless, upon review, we find no [*2]extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice, particularly in light of the favorable plea agreement and defendant's criminal history (see People v Brodus, 151 AD3d 1469, 1470 [2017]; People v Garcia, 131 AD3d 732, 735 [2015], lv denied 27 NY3d 997 [2016]). Defendant's remaining contention is without merit.
Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.