People v Laurange (2023 NY Slip Op 02143)

People v Laurange

2023 NY Slip Op 02143

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

110071 113305
[*1]The People of the State of New York, Respondent,
v
Shane Laurange, Appellant.

Calendar Date:March 30, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Marshall Nadan, Kingston, for appellant.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Lynch, J.
Appeals (1) from a judgment of the County Court of Columbia County (Richard M. Koweek, J.), rendered May 31, 2016, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree (two counts) and disseminating indecent material to a minor in the first degree (six counts), and (2) from a judgment of said court, rendered March 2, 2017, which resentenced defendant.
Defendant pleaded guilty to two counts of sexual abuse in the first degree and six counts of disseminating indecent material to a minor in the first degree and purportedly waived the right to appeal. County Court sentenced defendant to prison terms of 3½ years followed by 15 years of postrelease supervision on each of the sexual abuse convictions and prison terms of 3½ to 7 years on each of the disseminating indecent material to a minor convictions, with all the sentences to run concurrently. After it was discovered that the record was not clear that defendant was being sentenced as a second felony offender, County Court resentenced defendant as such, imposing the same sentences. Defendant appeals from both the original judgment of conviction and the judgment upon resentencing.[FN1]
We affirm. Initially, the People concede — and our review of the record confirms — that defendant's waiver of the right to appeal is invalid, as County Court failed to distinguish the right to appeal from the rights automatically forfeited by a guilty plea and did not adequately explain the waiver's ramifications (see People v Lilliard, 206 AD3d 1241, 1242 [3d Dept 2022]; People v Alexander, 194 AD3d 1261, 1262 [3d Dept 2021], lv denied 37 NY3d 1094 [2021]). Defendant's contention that he was denied the effective assistance of counsel by counsel's failure to proceed with a suppression hearing was forfeited by his guilty plea (see People v Woods, 199 AD3d 1169, 1169 [3d Dept 2021], lv denied 37 NY3d 1166 [2022]; People v Coates, 167 AD3d 1161, 1161 [3d Dept 2018]). To the extent that defendant's contention implicates the voluntariness of his plea, it is unpreserved for our review due to defendant's failure to make an appropriate postallocution motion (see People v Soprano, 135 AD3d 1243, 1243 [3d Dept 2016], lv denied 27 NY3d 1007 [2016]; People v White, 122 AD3d 1005, 1006 [3d Dept 2014]). Although defendant also contends that he received ineffective assistance of counsel due to counsel not filing a notice of appeal on the original judgment, an extension of time to file the notice of appeal on that judgment was granted and claimant was not prejudiced by counsel's alleged omission (see People v Saylor, 132 AD3d 1018, 1019 n [3d Dept 2015]; People v Pecararo, 83 AD3d 1284, 1287 [3d Dept 2011], lv denied 17 NY3d 820 [2011]).
Garry, P.J., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Inasmuch as defendant does not make any arguments relating to the resentencing judgment, we deem his appeal from that judgment to be abandoned (see People v Washington, 206 AD3d 1278, 1279 n 1 [3d Dept 2022], lv denied 39 NY3d 942 [2022]).