*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    106803
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                          MEMORANDUM AND ORDER

DAVID A. SOPRANO,
                        Appellant.
_____


Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

_____


        John R. Trice, Elmira, for appellant.

        Kirk O. Martin, Owego (Eric H. Gartenman of counsel), for
respondent.

_____


Peters, P.J.

        Appeal from a judgment of the County Court of Tioga County
(Keene, J.), rendered September 23, 2013, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
controlled substance in the fifth degree.

        In satisfaction of a five-count indictment stemming from
his possession of methamphetamine, defendant entered a guilty
plea to criminal possession of a controlled substance in the
fifth degree under count 2 of the indictment.  In accordance with
the negotiated plea agreement, defendant was sentenced to a
prison term of 1½ years followed by one year of postrelease
supervision.  Defendant appeals.

Defendant contends that he was denied the effective assistance of counsel in that counsel failed to pursue pretrial discovery or motions and did not move to suppress the evidence against him. As the record does not reflect that defendant made an appropriate postallocution motion, this claim was not preserved for our review (see People v Jenkins, 130 AD3d 1091, 1091 [2015]; People v Broomfield, 128 AD3d 1271, 1272 [2015], lv denied ___ NY3d ___ [Dec. 2, 2015]). Moreover, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014]). Under settled law, the "[f]ailure to request a suppression hearing or to make a pretrial motion does not, by itself, constitute ineffective assistance, particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy" (People v Vonneida, 130 AD3d 1322, 1322-1323 [2015], lv denied ___ NY3d ___ [Dec. 29, 2015]; see People v Rivera, 71 NY2d 705, 709 [1998]; People v Cooper, 126 AD3d 1046, 1047-1048 [2015], lv denied 26 NY3d 966 [2015]; cf. People v Carnevale, 101 AD3d 1375, 1378-1381 [2012]). Defendant assured County Court prior to the plea allocution that he had sufficient time to confer with counsel regarding the plea offer and that he was satisfied with counsel. Further, the record reflects that counsel secured a favorable plea deal and successfully argued against second felony offender sentencing. Thus, were the issue preserved, we would find that nothing in the record supports defendant's contention that he was deprived of meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Benevento, 91 NY2d 708, 712-714 [1998]; People v Cooper, 126 AD3d at 1048).

Garry, Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed.



                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court