*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 6, 2016      106008
     106537

_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
                 Respondent,

      v                        MEMORANDUM AND ORDER

KARRIEM BENNETT,
                 Appellant.

_____

Calendar Date: September 14, 2016

Before: McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

_____

Michelle E. Stone, Vestal, for appellant.

Stephen K. Cornwell Jr., District Attorney, Binghamton
(Stephen D. Ferri of counsel), for respondent.

_____

Lynch, J.

Appeal from a judgment of the County Court of Broome County
(Cawley, J.), rendered May 24, 2013, convicting defendant upon
his guilty plea of the crime of attempted assault in the second
degree (two counts).

On August 16, 2012, defendant waived indictment and pleaded
guilty to the reduced charge of attempted assault in the second
degree in satisfaction of a superior court information, admitting
that he had intentionally slashed the victim's face with a knife.
The plea was pursuant to a plea agreement providing for five
years of probation. While awaiting sentencing, defendant was
arrested and later charged in an indictment with another assault
in the second degree stemming from his actions in cutting a

second victim with a knife.  County Court advised defendant that this arrest violated the conditions of his release and that it intended to impose an enhanced sentence on the first attempted assault.  Pursuant to a combined negotiated disposition, defendant pleaded guilty under the indictment to the reduced charge of attempted assault in the second degree.  County Court, as promised, imposed an enhanced prison sentence of 1 to 3 years on the first attempted assault conviction, to be served concurrently with the agreed-upon sentence of 1 to 3 years for the second attempted assault conviction, and ordered that defendant pay restitution.  Defendant now appeals.

We affirm.  Initially, defendant's challenge to the enhanced sentence imposed on his plea to the first attempted assault charge is not preserved for our review, as he failed to raise any objection to the enhanced sentence or to make an appropriate motion to withdraw his plea (see People v Tole, 119 AD3d 982, 983 [2014]).  Moreover, defendant does not dispute that County Court had warned him at the time of that plea, and he agreed, that if he were arrested while awaiting sentencing on that plea, the court would not be bound to the agreed-upon probationary sentence and advised him that he could face up to 1⅓ to 4 years in prison (see People v Valencia, 3 NY3d 714, 715 [2004]; People v Parker, 57 NY2d 136, 141 [1982]; People v Miller, 117 AD3d 1237, 1238 [2014], lv denied 24 NY3d 1086 [2014]; compare People v Rushlow, 137 AD3d 1482, 1483-1484 [2016]).  Further, defendant did not contest that his arrest violated that condition of his first plea, and he thereafter entered a guilty plea to the second attempted assault charge pursuant to an agreement setting forth the promised sentences to be imposed for both attempted assaults.  Thus, we perceive no basis upon which to take corrective action in the interest of justice.  With regard to defendant's contention that the agreed-upon sentence was harsh and excessive, his release from prison after serving his sentence rendered this claim moot (see People v Cancer, 132 AD3d 1021, 1022 [2015]; People v Rodwell, 122 AD3d 1065, 1068 [2014], lv denied 25 NY3d 1170 [2015]).

Next, defendant claims that the six-month, four-day delay between the commencement of the first criminal action on February

12, 2012, when he was arraigned on the felony complaint charging the first assault, and his August 6, 2012 guilty plea to that attempted assault deprived him of his constitutional right to a speedy trial (see CPL 1.20 [17]; 30.20).  While this claim survives defendant's guilty plea, it is unpreserved for our review as he failed to raise it in a pretrial motion (see People v Lawrence, 64 NY2d 200, 203 [1984]; People v Archie, 116 AD3d 1165, 1165 [2014]; People v Martin, 81 AD3d 1178, 1179 [2011], lv denied 17 NY3d 819 [2011]; see also CPL 170.30 [1] [e]; [2]).  Were this issue properly before us, we would find it to be without merit given the limited delay, lack of any apparent prejudice to defendant and the fact that he was not incarcerated during this time (see People v Taranovich, 37 NY2d 442, 445 [1975]; People v Pope, 96 AD3d 1231, 1233-1234 [2012], lv denied 20 NY3d 1064 [2013]).

Finally, defendant contends that he was deprived of the effective assistance of counsel, focusing on counsel's claimed failure to seek dismissal at a preliminary hearing of the felony complaint charging the second assault (see CPL 180.10).  This claim is unpreserved for our review, as defendant did not raise it before County Court, and the record does not support the conclusion that he had a colorable claim to dismiss that felony complaint (see People v Soprano, 135 AD3d 1243, 1243-1244 [2016], lv denied 27 NY3d 1007 [2016]; People v Vonneida, 130 AD3d 1322, 1322-1323 [2015], lv denied 26 NY3d 1093 [2015]).  Moreover, the transcript of defendant's arraignment on the second assault charge and counsel's reasons for waiving a preliminary hearing (if this occurred) are outside the record before us and, as such, this claim is more properly resolved in a motion to vacate pursuant to CPL article 440 (see People v Garry, 133 AD3d 1039, 1040 [2015]).[1]  In any event, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v

_____

   [1]  The record reflects that a preliminary hearing on the second assault charge was scheduled for November 8, 2012 in Binghamton City Court.

Soprano, 135 AD3d at 1243 [internal quotation marks and citation omitted]).  Thus, were the issue preserved, we would find that defendant received a very favorable plea deal resolving two violent assaults and that nothing in the record supports the claim that he was deprived of meaningful representation (see id. at 1244).

McCarthy, J.P., Rose, Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court