People v Benninger (2019 NY Slip Op 05235)





People v Benninger


2019 NY Slip Op 05235


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

109949

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TIMATHY A. BENNINGER, Appellant.

Calendar Date: May 24, 2019

Before: Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ.


Michael T. Baker, Public Defender, Binghamton (Andrew Newmark of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), entered October 31, 2017, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender.
Defendant is a level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-c) who was previously convicted of failing to register as a sex offender (see Correction Law § 168-t). In 2017, defendant was indicted for again failing to register as a sex offender, as a class D felony, based upon his failure to provide a change of address to the relevant authorities (see Correction Law §§ 168-f, 168-t). Defendant thereafter pleaded guilty as charged and, in exchange, County Court agreed to impose a prison sentence of 1 to 3 years. The court released defendant on his own recognizance but warned him that, if he were involved in further criminal conduct, it would not be bound to the agreed-upon sentence and could impose a prison sentence of up to 2&frac13; to 7 years, which defendant indicated he understood. Defendant was thereafter arrested on a burglary charge and pleaded guilty to a reduced misdemeanor. At sentencing, the court determined that defendant had violated the terms and conditions of his release and imposed an enhanced prison sentence of 2 to 6 years. Defendant appeals.
Defendant's sole contention on appeal is that the sentence imposed was harsh and excessive, in that his guilty plea to a misdemeanor crime committed while awaiting sentencing on this charge did not warrant that the sentence be doubled. As defendant did not object to the enhanced sentence or move to withdraw his guilty plea, his contention is unpreserved (see People v Lopez, 157 AD3d 1163, 1163-1164 [2018]; People v Bennett, 143 AD3d 1008, 1009 [2016])[FN1]. [*2]Were we to consider this issue despite the lack of preservation, we would not be persuaded that a reduction of the sentence is warranted (see People v Smith, 162 AD3d 1408, 1409 [2018]). Most notably, this is defendant's fourth conviction for failing to register as a sex offender, reflecting his repeated disregard for his ongoing obligations as a registered sex offender. In addition, defendant has an extensive history of felony convictions, as well as multiple parole and probation violations and revocations.
Garry, P.J., Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: At sentencing, County Court announced its intent to impose an enhanced sentence and defendant was afforded an opportunity to address his postplea conduct. Defendant asked for leniency, but did not contest that he had violated the conditions of his release, and he did not request a hearing thereon (see People v Outley, 80 NY2d 702 [1993]; People v Smith, 162 AD3d 1408, 1409 [2018]).