People v Pace (2021 NY Slip Op 01450)





People v Pace


2021 NY Slip Op 01450


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

111813

[*1]The People of the State of New York, Respondent,
v
Willie Pace, Appellant.

Calendar Date: February 11, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Theodore J. Stein, Woodstock, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Clark, J.
Appeal from a judgment of the Supreme Court (Mott, J.), rendered May 19, 2019 in Ulster County, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was indicted and charged with one count of criminal possession of a weapon in the second degree. Following a suppression hearing, defendant agreed to plead guilty to the charged crime with the understanding that he would be sentenced — as a prior violent felony offender — to a prison term of 10 years followed by five years of postrelease supervision. The plea agreement, which required defendant to waive his right to appeal, also encompassed three pending felony drug charges in Kingston City Court, and the District Attorney further agreed to extend certain consideration to a codefendant with whom defendant had a relationship. Defendant pleaded guilty, and the matter immediately proceeded to sentencing, at which time Supreme Court imposed the contemplated sentence. Defendant appeals.
We affirm. To the extent that defendant's brief may be read as contesting the validity of his waiver of the right to appeal, we find any such challenge to be unpersuasive. Although Supreme Court's explanation of the waiver "arguably could have been more expansive" (People v Charles, 163 AD3d 1362, 1362 [2018], lv denied 32 NY3d 1063 [2018]), the record reflects that defendant was aware that an appeal waiver was a condition of the plea agreement and that Supreme Court, in turn, explained that such waiver was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty. Defendant, who indicated that he had discussed the waiver with counsel, assured the court that he understood the nature of the appeal waiver and was willing to relinquish that right. Defendant thereafter executed a written waiver, which he acknowledged counsel had read to him, in open court. Accordingly, and as we otherwise discern no other infirmities in the waiver (compare People v Thomas, 34 NY3d 545, 562-563 [2019]), we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Jones, 182 AD3d 698, 699 [2020]; People v Haggray, 172 AD3d 1825, 1825 [2019], lv denied 34 NY3d 932 [2019]).
To the extent that it impacts upon the voluntariness of his plea, defendant's claim that he was denied the effective assistance of counsel survives his valid appeal waiver (see e.g. People v Jones, 171 AD3d 1249, 1250 [2019], lv denied 33 NY3d 1070 [2019]). Under the particular facts of this case, such claim is not subject to the preservation requirement, as Supreme Court sentenced defendant immediately following defendant's guilty plea and, therefore, defendant had "no practical opportunity" to move to withdraw his plea prior to sentencing (People v Rebelo, 137 AD3d 1315, 1316 [2016], lv denied 28 NY3d 936 [2016], cert denied ___ US ___, 137 S Ct 385 [2016]; see People v Conceicao, 26 NY3d 375, 381[*2]-382 [2015]; People v Wright, 154 AD3d 1015, 1016 [2017], lv denied 30 NY3d 1065 [2017]; compare People v Orellana, 181 AD3d 457, 457 [2020], lv denied 35 NY3d 1028 [2020]). That said, we find defendant's ineffective assistance of counsel claim, which is premised upon counsel's failure to clarify or correct certain statements made by Supreme Court and/or to argue for leniency at sentencing, to be unpersuasive. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Haggray, 172 AD3d at 1825 [internal quotation marks and citations omitted]; accord People v Payson, 189 AD3d 1820, 1822 [2020]). Having found defendant's waiver of the right to appeal to be valid, defense counsel cannot be faulted for failing to correct or challenge the adequacy of Supreme Court's colloquy in this regard. Similarly, although Supreme Court indeed mistakenly cited Penal Law § 70.08 (persistent violent felony offender) instead of Penal Law § 70.04 (second violent felony offender) when discussing defendant's predicate felon status, the record nonetheless reflects that defendant, who readily admitted his prior violent felony conviction, was properly sentenced as a second violent felony offender. Finally, given the favorable plea agreement, which included the dismissal of other pending charges and afforded defendant the benefit of a sentence that was well within the permissible statutory range (see Penal Law § 70.04 [3] [b]), we find that defendant received meaningful representation.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.