People v Hines (2021 NY Slip Op 06886)





People v Hines


2021 NY Slip Op 06886


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

111010
[*1]The People of the State of New York, Respondent,
v
Tevin Hines, Also Known as Trigga, Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Amanda FiggsGanter, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Hogan, J.), rendered April 12, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree.
Following a shooting into an occupied convenience store on June 24, 2017, defendant was charged in a multicount indictment with attempted murder in the second degree and other crimes (hereinafter the first indictment). Months later, defendant was charged in an unrelated indictment with criminal possession of a controlled substance in the third degree (hereinafter the second indictment) and in a third, multicount indictment with various crimes (hereinafter the third indictment). In February 2018, after plea negotiations, defendant pleaded guilty, as charged in the first indictment, to criminal possession of a weapon in the second degree in satisfaction of all charges in the first and third indictments. He also pleaded guilty to criminal possession of a controlled substance in the third degree as charged in the second indictment. Defendant was also required by the terms of the plea agreement to waive his right to appeal. In exchange for his guilty plea, defendant was promised a prison sentence of 11 years to be followed by five years of postrelease supervision (hereinafter PRS) on the weapon possession count in the first indictment. Defendant was further promised a concurrent five-year prison term on the drug-related count in the second indictment to be followed by a period of PRS, the duration of which was to be determined at sentencing based upon the presentence investigation report. Defendant was not advised of the specific or maximum potential duration of the latter PRS period. At sentencing in April 2018, defendant acknowledged that he was a second violent felony offender, and Supreme Court imposed the agreed-upon prison term of 11 years followed by five years of PRS on the weapon conviction, and a five-year prison term followed by three years of PRS on the drug conviction, and ordered the sentences to run concurrently. Defendant appeals. We affirm.
Defendant contends that his guilty plea was not knowing, voluntary and intelligent based upon a Catu error — in that Supreme Court failed to advise him during the plea allocution of the length of PRS to be imposed on his drug-related conviction. As defendant's challenge is to the voluntariness of his plea, it survives his uncontested appeal waiver (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Ramos, 179 AD3d 1395, 1396 [2020], lv denied 35 NY3d 973 [2020]). Nevertheless, because defendant's argument is directed at the voluntariness of his guilty plea, defendant was required, but failed, to preserve it via a postallocution motion (see People v Delorbe, 35 NY3d 112, 119 [2020]). Indeed, where "a defect in a plea allocution is clear on the face of the record and implicates due process, the defendant[*2]. . . must preserve his or her claim that the defect made the plea involuntary unless the defendant has no practical ability to do so" (People v Williams, 27 NY3d 212, 221-222 [2016]). Here, any defect in his plea allocution was clear on the face of the record. Furthermore, the exception to the preservation rule does not apply given that two months passed between defendant's plea and his sentencing and, therefore, defendant had the practical ability to raise this issue prior to the imposition of sentence. As such, defendant's claim is unpreserved (see People v Scharborough, 189 AD3d 1964, 1965 [2020]; People v White, 142 AD3d 1254, 1255 [2016], lv denied 28 NY3d 1128 [2016]; compare People v Mudd, 169 AD3d 1166, 1167 [2019]).
Defendant also argues that he received ineffective assistance of counsel. To the extent that this argument implicates the voluntariness of his plea, it survives the uncontested appeal waiver but is unpreserved in the absence of a postallocution motion (see People v McCoy, 198 AD3d 1021, 1022 [2021]; People v Almonte, 179 AD3d 1222, 1224 [2020], lv denied 35 NY3d 940 [2020]). Defendant's argument that the sentence was harsh and excessive is precluded by his unchallenged appeal waiver (see People v Steele, 181 AD3d 972, 973 [2020]). Finally, as to his unpreserved claims, we decline defendant's request that we take corrective action in the interest of justice.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.