People v Johnson (2022 NY Slip Op 00337)





People v Johnson


2022 NY Slip Op 00337


Decided on January 20, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 20, 2022

111029
[*1]The People of the State of New York, Respondent,
v
Aaron Johnson, Appellant.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

James A. Bartosik Jr., Glenmont, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Garry, P.J.
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 16, 2018, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant, an incarcerated individual, was charged in a single-count indictment with promoting prison contraband in the first degree stemming from the discovery of a razor-type weapon in his pant pocket during a random pat frisk of defendant in the correctional facility yard. Defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree and was sentenced, as a second felony offender, to a prison term of 1½ to 3 years to run consecutively to the sentence he was currently serving. Defendant appeals.
Defendant contends that he was denied the effective assistance of counsel due to counsel's failure to move to suppress the physical evidence seized as a result of the pat frisk, which allegedly left him no choice but to plead guilty. Although ordinarily a defendant must preserve such claim through an appropriate postallocution motion (see People v Soprano, 135 AD3d 1243, 1243 [2016], lv denied 27 NY3d 1007 [2016]), the preservation requirement is inapplicable here "as [County] Court sentenced defendant immediately following defendant's guilty plea and, therefore, defendant had no practical opportunity to move to withdraw his plea prior to sentencing" (People v Pace, 192 AD3d 1274, 1275 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 973 [2021]). Nevertheless, we find defendant's ineffective assistance of counsel claim to be without merit.
"[I]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Soprano, 135 AD3d at 1243 [internal quotation marks and citation omitted]; accord People v Pace, 192 AD3d at 1275). Moreover, "'the failure to request a suppression hearing, standing alone, does not establish that defense counsel provided ineffective assistance, particularly in the absence of any basis upon which to conclude that a defendant had a colorable claim or that counsel's actions were not premised upon a legitimate strategy'" (People v Chaney, 160 AD3d 1281, 1285 [2018], lv denied 31 NY3d 1146 [2018], quoting People v Hall, 147 AD3d 1151, 1152 [2017], lv denied 29 NY3d 1080 [2017]). In addition to failing to demonstrate a lack of strategic reason for counsel not pursuing a suppression motion, defendant also has not demonstrated any basis upon which to find that there was a viable claim of suppression, as he fails to allege that the pat frisk was conducted in an unprofessional manner or was inconsistent with any Department of Corrections and Community Supervision directive (see e.g. People v Barzee, 190 AD3d 1016, 1021 [2021], lv denied 36 NY3d 1094 [2021]); "[a] defendant is not [*2]denied effective assistance of trial counsel merely because counsel does not make a motion
. . . that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004]). Furthermore, the record reflects that counsel made an appropriate omnibus motion seeking various hearings and discovery, and negotiated a favorable plea agreement to a reduced charge and the imposition of a minimum statutory sentence. Moreover, defendant assured County Court that he decided to plead guilty after having sufficient time to consult with counsel about the strengths and weaknesses of his case, as well as the possible trial strategies and ramifications of the plea agreement, and was satisfied with the representation he received. As such, we find nothing in the record to support defendant's contention that he was deprived of meaningful representation (see People v Hall, 147 AD3d at 1152; People v Soprano, 135 AD3d at 1244; People v Flake, 95 AD3d 1371, 1372 [2012], lvs denied 19 NY3d 973, 974 [2012]).
Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.