People v Sanders (2022 NY Slip Op 01848)





People v Sanders


2022 NY Slip Op 01848


Decided on March 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 17, 2022

112085
[*1]The People of the State of New York, Respondent,
v
Jonathan J. Sanders, Appellant.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Tracy L. Pugliese, Clinton, for appellant.
William G. Gabor, District Attorney, Wampsville (Robert A. Mascari of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered July 31, 2019, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the fourth degree.
Defendant waived indictment and agreed to be prosecuted pursuant to two superior court informations — one charging him with burglary in the third degree, grand larceny in the fourth degree and criminal mischief in the third degree and the other charging him with criminal possession of stolen property in the fourth degree. In full satisfaction of both instruments, defendant pleaded guilty to criminal possession of stolen property in the fourth degree with the understanding that sentencing would be left to County Court's discretion — with a maximum potential term of imprisonment of 2 to 4 years. The plea agreement also required defendant to waive his right to appeal. Defendant's subsequent motion to withdraw his plea was denied, and County Court sentenced defendant — as a second felony offender — to a prison term of 1½ to 3 years. This appeal ensued.
We affirm. The People have advised this Court — and a review of the records of the Department of Corrections and Community Supervision confirms — that defendant was discharged from parole supervision in August 2021. Hence, defendant's claim that the sentence imposed is harsh and excessive is moot (see People v Vittengl, 195 AD3d 1233, 1234 [2021]). In any event, defendant's challenge to the perceived severity of his sentence is precluded by his unchallenged appeal waiver (see People v Brown, 197 AD3d 1440, 1440 [2021]).
To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives the uncontested appeal waiver and, further, was preserved by defendant's motion to withdraw his plea and corresponding request for new counsel (see People v Khan, 139 AD3d 1261, 1264 [2016], lvs denied 28 NY3d 932, 934 [2016]). That said, we find such claim to be lacking in merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record cast doubt upon the apparent effectiveness of counsel" (People v Pace, 192 AD3d 1274, 1275 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 973 [2021]; accord People v Lomax, 161 AD3d 1454, 1456 [2018], lv denied 32 NY3d 1113 [2018]). Here, defense counsel secured an advantageous plea agreement that resolved multiple charges and exposed defendant to the minimum authorized period of incarceration for a second felony offender (see Penal Law § 70.06 [3] [e]; [4] [b]; People v Brown, 154 AD3d 1004, 1006 [2017], lv denied 30 NY3d 1113 [2018]). Additionally, during the course of the plea colloquy, defendant assured County Court that he had been afforded sufficient time to confer with counsel and was satisfied with counsel's services, and defendant did not make any [*2]statements at the time of sentencing that implicated or otherwise cast doubt upon counsel's effectiveness. To the extent that defendant now argues that plea counsel failed to investigate the charged crimes or explore potential defenses, such claims are more properly the subject of a CPL article 440 motion (see People v McCoy, 198 AD3d 1021, 1023 [2021], lv denied 37 NY3d 1162 [2022]; People v Feltz, 190 AD3d 1027, 1029 [2021]). Defendant's remaining contentions have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.