People v Snickles (2022 NY Slip Op 04062)

People v Snickles

2022 NY Slip Op 04062

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

112452
[*1]The People of the State of New York, Respondent,
v
Jordan T. Snickles, Appellant.

Calendar Date:May 24, 2022

Before:Lynch, J.P., Clark, Pritzker, Ceresia and McShan, JJ.

Martin J. McGuinness, Saratoga Springs, for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kenneth P. Borden Jr. of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Essex County (Meyer, J.), rendered January 30, 2020, which revoked defendant's probation and imposed a sentence of imprisonment.
In 2018, defendant pleaded guilty in Franklin County to attempted burglary in the second degree and was sentenced to five years of probation. His probation supervision was subsequently transferred to Essex County. In January 2020, the Essex County Department of Probation filed a violation of probation petition alleging that defendant violated various conditions of his probation, including that he failed to obey all laws given that he was arrested and charged in Franklin County with certain criminal offenses. Thereafter, pursuant to a negotiated agreement, defendant admitted to violating certain conditions of his probation and waived his right to appeal, whereupon County Court revoked defendant's probation and resentenced him to three years in prison, to be followed by three years of postrelease supervision. Defendant appeals.
Defendant contends that defense counsel was ineffective for negotiating a longer prison term than that initially offered by the People.[FN1] Under the circumstances here, we find defendant's contention to be without merit. The record reflects that, initially, the People agreed that, in exchange for defendant's admission to violating his probation, they would not argue for a prison term greater than 2½ years. After County Court, in response to a request from defense counsel, noted that it could not legally direct that the resentence run concurrent with the sentence to be imposed on the pending charges in Franklin County, defense counsel was granted a brief recess. Upon reconvening, defense counsel advised the court that he had been in contact with defendant's Franklin County counsel and was informed that, if defendant received a resentence of three years in prison on the violation of probation, the Franklin County prosecutor would recommend that the sentence to be imposed on the Franklin County matter run concurrent with the resentence in connection with the violation of probation. Defendant, who assured the court that he had enough time to discuss the matter with defense counsel and was satisfied with his services and advice, then entered an admission to violating certain conditions of his probation. As the record "reflects a reasonable and legitimate strategy under the circumstances" by defense counsel to avoid a consecutive sentence being imposed in connection with the pending Franklin County charges, the strategic nature of counsel's renegotiation of the agreement cannot support a finding of ineffective assistance of counsel, regardless of the ultimate success of such strategy (People v Benevento, 91 NY2d 708, 713 [1998]; see People v Caban, 5 NY3d 143, 152 [2005]; People v Lindsey, 172 AD3d 1764, 1766-1767 [2019]). Under the circumstances, we find that defendant was afforded meaningful representation.
Lynch, J.P., Clark, Ceresia and McShan[*2], JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although not raised by the parties, we find that defendant's contention, which goes directly to the bargaining process resulting in the admission of the probation violation, is not precluded by his unchallenged waiver of the right to appeal (see People v Feltz, 190 AD3d 1027, 1028-1029 [2021]; cf. People v Petgen, 55 NY2d 529, 535 n 3 [1982]) and is preserved for our review as defendant had no opportunity to withdraw his admission before resentencing (see generally People v Vittengl, 203 AD3d 1390, 1391-1392 [2022]; People v Johnson, 201 AD3d 1208, 1208 [2022]).