People v Torres (2023 NY Slip Op 03951)

People v Torres

2023 NY Slip Op 03951

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

112158
[*1]The People of the State of New York, Respondent,
v
Nickolas Torres, Also Known as Slick, Appellant.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Dana L. Salazar, East Greenbush, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Egan Jr., J.P.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered September 26, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.
Defendant and two others were charged in a 23-count indictment with various crimes stemming from a home invasion robbery in which they displayed multiple firearms to the home's occupants, including several children. In satisfaction of the charges against him, defendant pleaded guilty to burglary in the first degree and waived his right to appeal upon the understanding that he would receive a sentence of no more than 18 years in prison and five years of postrelease supervision. County Court advised defendant during the plea colloquy that it would hear defendant's arguments at sentencing regarding the propriety of a sentence below that cap, but that it "intend[ed] to sentence" him at the cap as things stood and that he had "to be thinking . . . [that he was] going to get 18 years" if he pleaded guilty. Defendant acknowledged that he understood this before pleading guilty. County Court thereafter sentenced him at the cap, and defendant appeals.
We affirm. Initially, we reject defendant's claim that County Court's reference at sentencing to certain out-of-court statements made by a victim and the other participants in the crime violated his Sixth Amendment right of confrontation (see Crawford v Washington, 541 US 36 [2004]), as "[t]his protection pertains to the admissibility of testimonial statements at trial and does not extend to sentencing" (People v Stacchini, 108 AD3d 866, 867 [3d Dept 2013]; see People v Leon, 10 NY3d 122, 125-126 [2008], cert denied 554 US 926 [2008]). Defendant's unchallenged appeal waiver precludes his remaining claims of judicial bias (see People v Nack, 200 AD3d 1197, 1199 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]; People v Danielson, 170 AD3d 1430, 1431-1432 [3d Dept 2019], lv denied 33 NY3d 1030 [2019], cert denied ___ US ___, 140 S Ct 486 [2019]), as well as his challenge to the severity of his sentence (see People v Hines, 200 AD3d 1217, 1218 [3d Dept 2021], lv denied 38 NY3d 928 [2022]; People v Blackburn, 164 AD3d 960, 962 [3d Dept 2018]). In any event, although we agree with defendant that County Court subjected him to extended questioning and commentary at sentencing that was intemperate and inappropriate, the fact remains that defendant received the sentence that he knew he would likely receive when he pleaded guilty, and we would therefore perceive no reason to disturb that sentence (compare People v Winter, 215 AD3d 1010, 1012-1013 [3d Dept 2023], and People v Rennie-Russell, 201 AD3d 1246, 1247 [3d Dept 2022], with People v Lancaster, 200 AD3d 1352, 1356-1357 [3d Dept 2021], lv denied 38 NY3d 951 [2022]).
Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.