People v Sutton (2023 NY Slip Op 05758)

People v Sutton

2023 NY Slip Op 05758

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

112669
[*1]The People of the State of New York, Respondent,
v
Thomas W. Sutton, Appellant.

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Barrett D. Mack, Albany, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Geoffrey B. Rossi of counsel), for respondent.

Clark, J.
Appeal from a judgment of the County Court of Broome County (Kevin P. Dooley, J.), rendered August 4, 2020, convicting defendant upon his plea of guilty of the crime of attempted arson in the second degree.
Defendant was indicted and charged with arson in the second degree and arson in the fourth degree. After rejecting the People's initial offer, defendant agreed to plead guilty — in full satisfaction of the indictment and other pending charges — to the reduced charge of attempted arson in the second degree with the understanding that he would be sentenced to a prison term of 3½ years followed by 2½ years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. When the parties returned for sentencing, defendant asked to withdraw his plea based upon the ineffective assistance of counsel. County Court deemed the various letters sent by defendant to the court to be a motion to withdraw and, after addressing the concerns raised therein, denied defendant's motion and imposed the agreed-upon sentence. This appeal by defendant ensued.[FN1]
We affirm. Defendant's claim that he was denied the effective assistance of counsel — to the extent that it implicates the voluntariness of his plea — survives his unchallenged appeal waiver and is preserved by his unsuccessful motion to withdraw his plea and request for new counsel (see People v Sanders, 203 AD3d 1403, 1404 [3d Dept 2022]). However, we find such claim to be lacking in merit. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (id. [internal quotation marks and citations omitted]; accord People v Clark, 209 AD3d 1063, 1066 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]). As County Court observed, defense counsel secured an advantageous plea agreement allowing defendant to plead guilty to a reduced charge and to receive the minimum permissible sentence for a class C violent felony, satisfying both the underlying indictment and other pending charges (see Penal Law §§ 70.02 [1] [b]; [3] [b]; 70.45 [2] [f]; People v Clark, 209 AD3d at 1066; People v Sanders, 203 AD3d at 1404). Although defendant raised concerns at arraignment regarding counsel's level of communication with him and her pursuit of certain discovery materials, any issue regarding the People's compliance with discovery demands was resolved prior to defendant pleading guilty, and defendant assured County Court during the plea colloquy that he had been afforded sufficient time to confer with counsel. Similarly, although defendant claimed at sentencing that counsel used "scare tactics" to coerce him into pleading guilty and neglected to "fight" for his release on bail, such claims are belied by the record; defendant expressly assured the [*2]court that he was pleading guilty of his own free will, and it is clear that County Court twice considered the appropriate amount of bail to be set. In any event, "defense counsel's frank advice regarding the strength of the People's case against defendant and the potential increased sentencing exposure did not amount to coercive or threatening conduct" (People v Wood, 203 AD3d 1406, 1407 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1075 [2022]).
Defendant also asserts that counsel was deficient because she allowed him to plead guilty to an offense that rendered him ineligible for participation in certain programs or housing assignments. To the extent that such claim impacts upon the voluntariness of defendant's plea (see People v Perkins, 140 AD3d 1401, 1402-1403 [3d Dept 2016], lv denied 28 NY3d 1126 [2016]), County Court explained to defendant that, given the charges against him, such programs were unavailable to him from the start (see Penal Law § 70.02 [1] [b]; Correction Law § 865 [1]), and defense counsel cannot be faulted for failing to pursue an argument that has little or no chance of success (see People v Arroyo, 202 AD3d 1212, 1214 [3d Dept 2022], lv denied 38 NY3d 910 [2022]). Finally, although defendant now claims that his mental health conditions interfered with his ability to process information and that counsel should have urged the court to consider defendant's physical and mental impairments as mitigating factors, nothing on the face of the plea colloquy raises any concerns regarding defendant's ability to understand the nature of the proceeding (see People v Gumbs, 169 AD3d 1119, 1119-1120 [3d Dept 2019], lv denied 33 NY3d 1105 [2019]). Defendant's remaining arguments on this point are unpersuasive and, upon reviewing the record as a whole, we are satisfied that defendant was afforded meaningful representation (see People v Pace, 192 AD3d 1274, 1275 [3d Dept 2021], lv denied 37 NY3d 973 [2021]).
Defendant's assertion that the agreed-upon — and minimum permissible — sentence imposed was unduly harsh or severe is precluded by his unchallenged appeal waiver (see People v Sanders, 203 AD3d at 1403-1404; People v Hines, 200 AD3d 1217, 1218 [3d Dept 2021], lv denied 38 NY3d 928 [2022]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Ceresia, McShan and Powers, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although many of defendant's specific claims regarding counsel's performance typically would implicate matters outside of the record and, hence, would more properly be the subject of a CPL article 440 motion, because defendant raised — and County Court addressed — such claims on the record, we find that they are reviewable in the context of defendant's direct appeal.