People v Nolan (2024 NY Slip Op 00653)

People v Nolan

2024 NY Slip Op 00653

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

113122
[*1]The People of the State of New York, Respondent,
v
Everett M. Nolan, Appellant.

Calendar Date:January 17, 2024

Before:Aarons, J.P., Pritzker, Lynch, Fisher and Mackey, JJ.

Jane M. Bloom, Monticello, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Sullivan County (Bryan E. Rounds, J.), rendered February 14, 2020, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and burglary in the third degree.
In 2019, defendant was charged by indictment with two counts of burglary in the third degree, four counts of criminal possession of a weapon in the second degree, one count of grand larceny in the third degree, two counts of criminal possession of stolen property in the fourth degree, one count of criminal possession of stolen property in the third degree, two counts of criminal possession of a weapon in the third degree, one count of criminal possession of a controlled substance in the seventh degree and one count of unlawful possession of marihuana. In full satisfaction of the indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and burglary in the third degree. As part of the plea agreement, defendant also agreed to waive his trial and appellate rights, which he did both orally and in writing. Consistent with the terms of the plea agreement, County Court sentenced defendant to a prison term of 8½ years, to be followed by five years of postrelease supervision, for his conviction of criminal possession of a weapon in the second degree and to a lesser concurrent prison term for his conviction of burglary in the third degree. Defendant appeals.
Defendant's challenge to the factual sufficiency of the plea allocution is unpreserved and also precluded by the unchallenged waiver of appeal (see People v Dickerson, 198 AD3d 1190, 1193 [3d Dept 2021]; People v King, 185 AD3d 1090, 1091 [3d Dept 2020]; People v Letohic, 166 AD3d 1223, 1223 [3d Dept 2018], lv denied 32 NY3d 1174 [2019]; People v Loomis, 17 AD3d 1019, 1019 [3d Dept 2005], lv denied 5 NY3d 830 [2005]). Similarly, although defendant's challenge to the voluntariness of his guilty plea survives his unchallenged appeal waiver (see People v Bond, 146 AD3d 1155, 1156 [3d Dept 2017], lv denied 29 NY3d 1076 [2017]; People v Giammichele, 144 AD3d 1320, 1320 [3d Dept 2016], lv denied 28 NY3d 1184 [2017]), this claim is unpreserved for our review absent evidence in the record of an appropriate postallocution motion (see People v Pastor, 28 NY3d 1089, 1090 [2016]; People v Small, 166 AD3d 1237, 1238 [3d Dept 2018]).[FN1] Moreover, defendant did not make any statements that triggered the narrow exception to the preservation requirement (see People v Pastor, 28 NY3d at 1091-1091; People v Thomas, 153 AD3d 1445, 1446 [3d Dept 2017], lv denied 30 NY3d 1064 [2017]; People v Lewis, 143 AD3d 1183, 1185 [3d Dept 2016]). Furthermore, "County Court had no duty to conduct an inquiry concerning the potential defense of intoxication based upon comments made by defendant during the Probation Department's presentence investigation" (People v Phillips, 30 AD3d 911, 911 [3d Dept 2006], lv denied 7 NY3d 869 [2006]; see People v [*2]Hardie, 211 AD3d 1418, 1420 [3d Dept 2022], lv denied 39 NY3d 1111 [2023]; People v McQuilla, 210 AD3d 1191, 1192 [3d Dept 2022]; People v Fauntleroy, 206 AD3d 1347, 1348 [3d Dept 2022]).
"Defendant's claim of ineffective assistance of counsel — insofar as it implicates the voluntariness of his plea — survives his appeal waiver but is unpreserved for our review, as the record does not reflect that he made an appropriate postallocution motion" (People v Letohic, 166 AD3d at 1223-1224 [citations omitted]). "To the extent that defendant's ineffective assistance of counsel claims involve matters outside of the record, they are more properly addressed in the context of a CPL article 440 motion" (People v Faublas, 216 AD3d 1358, 1359 [3d Dept 2023] [citations omitted], lv denied 40 NY3d 934 [2023]; see e.g. People v Devane, 212 AD3d 894, 896 [3d Dept 2023], lv denied 39 NY3d 1110 [2023]).
Defendant's assertion that the agreed-upon sentence imposed was unduly harsh or severe is precluded by his unchallenged appeal waiver (see People v Torres, 218 AD3d 1046, 1046 [3d Dept 2023], lv denied 40 NY3d 1082 [2023]; People v Sanders, 203 AD3d 1403, 1403-1404 [3d Dept 2022]; People v Hines, 200 AD3d 1217, 1218 [3d Dept 2021], lv denied 38 NY3d 928 [2022]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Aarons, J.P., Pritzker, Lynch and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Prior to sentencing, defendant was appointed new counsel, who learned that defendant had previously expressed to his prior counsel his desire to withdraw his guilty plea. However, the record reflects that, at sentencing, defense counsel advised County Court that he found no basis to support a motion to withdraw defendant's guilty plea, that defendant understood such position and that defendant was ready to proceed to sentencing. Accordingly, no such motion was ever filed.